SARTAIN, Judge.
Plaintiffs in this cause are partners in a law firm. They filed a petition seeking *100 to recover legal fees for services rendered and costs advanced allegedly totaling $1,-636.06 on behalf of defendant A1 Dohmann Chevrolet, Incorporated. Plaintiffs also obtained a writ of sequestration and had certain automobiles in the possession of the defendant sequestered. Those automobiles had been recovered for the defendant in a prior lawsuit in which plaintiffs represented the defendant and plaintiffs alleged that their attorneys’ privilege on such recovered property was sufficient to justify the issuance of the writ of sequestration. The privilege is granted by L.R.S. 9:5001 to attorneys at law for professional fees on all judgments obtained by them and on the property recovered thereby.
Chevway Corporation filed a Motion to Dissolve the Writ of Sequestration, which was served only on plaintiffs, claiming title ownership of the sequestered vehicles, which it alleged were only leased to A1 Dohmann. Although thereafter Chevway was described and treated as an inter-venor, there was no petition of intervention filed, as required by La.C.C.P. Arts 1032 and 1091. In response to the Motion to Dissolve, plaintiffs filed an “Answer and Reconventional Demand to Petition of Intervention” generally denying the allegations of the Motion to Dissolve and alleging that a representative of Chevway was fully informed about the prior litigation, on which the present claim for fees is made, and that their representative approved the plaintiffs’ actions therein. Further, plaintiffs alleged that if Chevway did in fact own the vehicles then the plaintiffs’ services enured to Chevway’s benefit and the latter was responsible in solido with A1 Dohmann Chevrolet for the amount of the fees and costs. This pleading contained a corresponding prayer for a judgment in solido but was served only on Chevway.
Chevway then filed an “Answer to Re-conventional Demand” containing generally a denial that its representative had been fully informed of the details of the prior litigation or that it had concurred in plaintiffs’ actions. Chevway also denied that it was a party to the alleged attorney-client contract between A1 Dohmann and the plaintiffs or that its representative entered into a separate contract with the plaintiffs for legal services.
A hearing on the Motion to Dissolve was had on May 21, 1971. No one appeared on behalf of A1 Dohmann Chevrolet, Inc., which defendant had not even filed an answer or other pleading in response to the original petition.
Following the hearing, the trial court rendered a judgment stating that both the Motion to Dissolve by Chevway and the Answer and Reconventional Demand for personal judgment by plaintiffs had been before the court at the hearing. The judgment maintained the writ of sequestration, recognized plaintiffs’ attorney’s privilege on the vehicles and also cast Chevway Corporation, personally, for the full $1,636.06, with interest from the date of judicial demand. (It is not stated whether the interest would run from the date of the original demand against A1 Dohmann Chevrolet or from the date of the first demand against Chevway by way of plaintiffs’ re-conventional demand in response to the motion to dissolve.)
There was no procedural objection raised at any stage of this suit and we will consider the pleadings filed in light of their contents in order to describe the respective positions of plaintiffs and Chevway at the time of the hearing of May 21, 1971. In essence, plaintiffs had filed a pleading alleging grounds on which they might recover their fees and costs from Chevway, under ordinary proceedings, and Chevway had filed an answer thereto. Chevway had also filed a motion to dissolve the previously issued writ of sequestration, which is a summary proceeding under La.C.C.P. Arts. 2593 and 3506. Official Revision Comment (c) under Article 3506 states that only the grounds for the auxiliary remedy, i. e., dissolution of the writ and damages for wrongful sequestration, may be inquired into on the motion to dissolve *101 and not the merits of the main demand. Clearly, the trial court was not required or authorized to render a personal judgment against Chevway on the main demand at this stage of the proceedings, and a remand will be required.
Chevway has appealed suspensively contending that the writ of sequestration was improperly maintained for the reason that plaintiffs did not prove the justification for the writ as against Chev-way. The basic argument is that the attorney’s privilege does not apply to property recovered under a judgment for a client if that property is in fact owned by a third party and not by the client.
However, L.R.S. 9:5001 makes no reference to the ownership of property recovered by a judgment:
“A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.”
The testimony and exhibits show that the automobiles sequestered herein were those which had been recovered in the prior litigation. It is also clear that A1 Dohmann Chevrolet had a right to the possession of those automobiles. Mr. Richard Johnson, called as a representative of and witness for Chevway, testified that Chevway had only leased the automobiles to A1 Dohmann but that Chevway was not concerned with what Dohmann did with them so long as he was current in his lease payments to Chevway. He testified that Chev-way had no secured interest of any kind in the automobiles under the lease agreement. There is no proof in the record that A1 Dohmann Chevrolet had defaulted in its obligation to Chevway or that Chevway had cancelled the lease either at the time of the sequestration herein or even at the time of the hearing. Although Mr. Johnson indicated he had heard that Dohmann owed Chevway money, he admitted that he did not have personal or official knowledge that such was the case. Thus, it is not even shown that Chevway has a right to possession of the subject automobiles as against A1 Dohmann Chevrolet, and certainly no secured interest sufficient to disturb the plaintiffs’ attorney’s privilege thereon.
For the above and foregoing reasons, that portion of the trial court’s judgment maintaining the writ of sequestration is affirmed and that portion thereof purporting to render a personal judgment against Chevway Corporation on the main demand is annulled and set aside as the same was not before the trial court at the hearing on the motion to dissolve the writ of sequestration. This cause is remanded for a trial on the merits of the main demand.
The costs of this appeal are to be borne by appellant Chevway Corporation; all other costs are to await a final determination on the merits.
Affirmed in part, annulled and set aside in part, and remanded.