662 So.2d 44 (1995)
Beverly TERRITO, Wife of/and Anthony Territo
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 95-CA-257.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 1995.
*45 G. Patrick Hand, Jr., Robert J. Mason, Gretna, for plaintiffs, appellees.
George Reibel Blue, Jr., Metairie, for defendant, appellant.
Before GOTHARD and CANNELLA, JJ., and SUSAN M. CHEHARDY, J., Pro Tem.
SUSAN M. CHEHARDY, Judge, Pro Tempore.
Defendant, Schwegmann Giant Supermarkets, Inc. appeals a judgment awarding plaintiff, Beverly Territo, damages for injuries she sustained in a slip and fall incident at defendant's supermarket. Defendant contends the district court erred in accepting plaintiff's testimony regarding a statement allegedly made by a Schwegmann employee, and in failing to allow a Customer Accident report into evidence. For the following reasons, we affirm.
Plaintiffs Beverly Territo and her husband Anthony J. Territo alleged that on March 30, 1992, Mrs. Territo was shopping at a Schwegmann supermarket on the Westbank of Jefferson Parish when she slipped on some broken eggs and fell. Mrs. Territo claimed she sustained back and neck injuries in the fall, and her husband claimed damages resulting from loss of consortium. Plaintiffs alleged that their damages were a result of defendant's negligence in failing to provide a safe shopping area to patrons and in failing to warn patrons of a dangerous condition. After a bench trial, the district court issued a judgment in favor of plaintiffs awarding $4,264.50 in damages and costs. Defendant moved for a new trial, which was denied, and then filed this appeal.
Defendant assigns three errors. By its first assignment, defendant complains that the trial court erred in accepting Mrs. Territo's trial testimony that she heard a statement made by a Schwegmann employee on the day of the accident, when Mrs. Territo did not mention the statement in her response to discovery.
Mrs. Territo testified at trial that on the day of the accident, she was pushing a grocery cart around the store when she slipped on broken eggs on the floor and fell on her back. A Schwegmann employee helped her up and assisted her to the store manager's office to file an accident report. Mrs. Territo testified that, as she and the employee walked toward the office, they encountered two more employees. One of them asked Mrs. Territo what had happened to her. She described her accident, whereupon the employee said to his companion, "I told you to clean that up before somebody got hurt."
For the first time on appeal, defendant complains that Mrs. Territo did not include the employee's statement in her answers to its Second Set of Interrogatories (Exhibit D-2), and that the trial judge erred in giving weight to Mrs. Territo's testimony[1]. Schwegmann claims that it was surprised by Mrs. Territo's testimony and was prejudiced by its inability to prepare a proper defense.
We need not consider defendant's argument that the trial court committed manifest error, as this is an evidentiary question. Contemporaneous objection is required to preserve an evidentiary issue for appellate review. Chauvin v. Jefferson Parish School Bd., 595 So.2d 728 (La.App. 5 Cir.1992). Because our review of the transcript does not show that defendant lodged an objection, the question is not properly before this Court.
Defendant argues that the trial court erred in failing to admit the Customer Accident Report (Proffer D-1) as evidence to impeach plaintiff's trial testimony. Mrs. Territo testified on cross-examination that after the accident, she related the details of the fall to a store employee, who completed the accident report and gave it to her to sign. Mrs. Territo further testified that she did not read the document before signing it. When questioned as to why the accident report did not contain any mention of a Schwegmann *46 employee's stating "I told you to clean up before somebody got hurt," Mrs. Territo explained that she did not mention the statement at the time the report was completed because she was only asked to describe the accident itself[2]. Mrs. Territo identified the signature on the document as her own. Counsel for plaintiffs objected to admission of the accident report as evidence, on the grounds that it was hearsay. The judge sustained the objection and allowed the document to be admitted only for the limited purpose of showing that Mrs. Territo had signed it. Defendant proffered the document.
Under LSA-C.E. art. 103(A), "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected...." Palmer v. Goudchaux/Maison Blanche, 588 So.2d 737 (La.App. 5 Cir.1991), writ denied, 590 So.2d 1186 (La.1992). The jurisprudence interpreting the similar Fed. Rule Evid. 103(a) holds that rulings on admissibility of evidence are entrusted to the broad discretion of the trial judge, and such rulings will be reversed on appeal only if a substantial right of a party is affected. Muzyka v. Remington Arms Co., Inc., 774 F.2d 1309 (5th Cir.1985).
Our review of the record does not indicate that the trial court erred in finding that the Customer Accident Report was inadmissible. Defense counsel apparently intended to use the document to attack Mrs. Territo's credibility with respect to her testimony regarding the statement by the Schwegmann employee. Mrs. Territo admitted under cross-examination that she did not impart any information about this statement at the time the accident report was prepared. Additionally, defense counsel read a portion of the document on the record in questioning Mrs. Territo. There was nothing more the defense could have accomplished had it been allowed to introduce the accident report.
Defendant contends that the trial court erred in denying its motion for new trial. Plaintiffs contend that a denial of motion for new trial is an interlocutory judgment, and as such is unappealable. Although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when an appealable judgment is rendered in the case. Ellefson v. Ellefson, 616 So.2d 221 (La.App. 5 Cir.), writ denied, 617 So.2d 1183 (La.1993). Defendant's appeal is incidental to the appeal from the final judgment and we may therefore properly consider it.
The jurisprudence accords the trial court great discretion in granting a new trial. Estate of Hagan v. Fike, 436 So.2d 1338 (La.App. 5 Cir.1983). The appellate courts will not disturb a decision of the trial court denying a motion for new trial unless there has been a clear abuse of discretion. Id.; Ancona v. Lathan, 506 So.2d 222 (La.App. 5 Cir.1987). In its motion for new trial, Schwegmann raised the same argument raised in its first assignment of error. Based on the reasons given above, we do not find that the trial court abused its discretion in denying defendant's motion for new trial.
None of appellant's assignments has merit. Accordingly, we affirm the district court's judgment as well as its denial of the defendant's motion for new trial. Costs of this appeal to be paid by the appellant.
AFFIRMED.
CANNELLA, J., dissents.
CANNELLA, Judge, Dissenting.
I dissent from the majority opinion because plaintiff's self-serving statement concerning what she heard an employee of defendant say to another, reported for the first time at the trial of her case, after she failed to report such comments when asked both at the accident scene and in defense interrogatories, should not be deemed sufficient to carry her burden of proof in this slip and fall case under R.S. 9:2800.6 B.(2) and (3). Plaintiff must prove that,
(2) The merchant either created or had actual or constructive notice of the condition *47 which caused the damage, prior to the occurrence, and
(3) The merchant failed to exercise reasonable care.
NOTES
[1] In his oral reasons for judgment, the trial judge stated, in part:

... she's stating that she slipped on eggs and that an employee said to another employee that she slipped on eggs. So I'm going to accept that as happening. She [Mrs. Territo] states that the employee further said that "I told you to clean it up", or something to that effect.
[2] It is noted that the Customer Accident Report is a preprinted form with sections for customer information, the date, time and location of the accident, a description of the injury, the product or item involved, customer witnesses and the injured customer's description of the accident.