UCANNELLA, Judge.
Defendant, Lance Gaulon, appeals from a partial denial of his motion for new trial in a gambling debt collection case filed by plaintiff, TeleRecovery, of La., Inc. We dismiss this appeal and remand with instructions to the trial court to hold the judgment declaring defendant liable on the debts in abeyance until a judgment is rendered on the question of whether the bad check statutory penalties apply to this case.[1] We reserve plaintiffs right to appeal both judgments.
On December 29, 1995, plaintiff filed suit against defendant to collect $10,000 in gambling debts owed to The Belle of Baton Rouge casino, asserting that the casino assigned its’ right to collect the debts to plaintiff. Plaintiff also demanded another $10,000 in penalties under the bad check statute. On February 22, 1996, defendant obtained a default judgment against plaintiff for $20,000, plus legal interest, costs and attorney fees. Defendant responded on 13March 7, 1996, by filing a Motion to Set Aside the Default Judgment or Motion for New Trial. A hearing was held on March 20, 1996. On April 16, 1996, the trial judge denied the motions in part, finding that defendant owed the debt of $10,000 and awarding plaintiff legal interest, costs and $2000 in attorneys fees. The trial judge granted the motions in respect to the issue of whether defendant is entitled to penalties under the bad cheek statute. Defendant appealed from the denial of his motions. The other issue remains to be decided in the trial court.
La.C.C.P. art. 1971 provides that a new trial may be granted, upon contradictory mo *342 tion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
In Thurman v. Star Elec. Supply, Inc., 283 So.2d 212, 217 (La.1973), the Louisiana Supreme Court stated:
The final clause in C.C.P.1971 would lead one to believe that a judgment would not be stayed unless the judge orders the stay when granting a partial new trial. But this is not the only possible construction. The object of the redactors of the Code of Civil Procedure was to develop a system under which parties could proceed efficiently to a final determination of the issues in multiparty .and multiissue (sic) cases. This provision in C.C.P.1971 was designed to mesh with C.C.P.1915, which provides for appeals from certain judgments that .decide some, but not all the issues. (FN1) In the cases for which article 1915 provides for partial judgments, the trial judge might, in an appropriate situation, hold a partial judgment ‘in abeyance as to all parties and issues.’ (Such action is also contemplated in C.C.P. 1038 when there are separate trials of principal and incidental demands). (FN2)
It is easy to accept the idea that final disposition on appeal should not, in multiparty litigation, be delayed until all issues among all parties can be decided at one time, regardless of the severability of the issues. (FN3) But this device has utility only when the appellate courts Can make a final determination of separate issues. It would be a useless and technical trap if the rule were that, when a new trial is granted as to less than all the issues, the judgment becomes final as to all others. A new trial might be granted on a factual ‘issue’ which might change the outcome of the litigation. No one would suspect that the finding of the trial court on all other ‘issues’ might become ‘final’ when an important and controlling factual determination was yet to be made.
|4It is true that the implication from reading C.C.P.1971 alone seems to be that if a new trial is granted on one issue (for example, liability under C.C. art. 2315), the judgment on other issues (quantum, etc.) might become ‘final’ unless the judge orders ‘the judgment ... held in abeyance ...’ This implication of the literal provisions of C.C.P.1971 is simply not workable
In Thurman, the court maintained the appeal because of the facts there. In this case, the appeal must be considered premature. Our disposition of the issues on appeal are on the merits. If we reverse the judgment, the pending trial court issues will become moot. Further, it is not judicially economical to entertain “piecemeal appeals” in this case because the issues are so interrelated. Thus, we will dismiss the appeal and remand the case with instructions to the trial judge to hold the judgment on the merits in abeyance, reserving plaintiffs right to appeal all the issues when the trial judge renders a judgment in the new trial on the penalty questions.
Accordingly, we dismiss the present appeal. Further, we remand this matter to the trial court with instructions to hold the judgment that is the subject of this appeal in abeyance until such time that a judgment is rendered in the new trial that was granted by the trial court on the issue of penalties. Plaintiffs right to appeal both judgments is reserved.
APPEAL DISMISSED; CASE REMANDED WITH ORDER.

. La.R.S. 9:2782.