|,WICKER, Judge.
This appeal arises from a judgment denying defendants/appellants’, Georgia Zervoud-is, wife of/and Georgios Zervoudis (Zervoud-is [1]), rule to dissolve a writ of attachment and a request for damages. Zervoudis appeals that judgment. The plaintiff/appellee, Sunal-ma Financial Enterprises, S.A. (Sunalma), filed a motion to dismiss the appeal. We deny the motion to dismiss and affirm the judgment.
Sunalma argues this court lacks jurisdiction because the appeal is taken from an interlocutory judgment since the judgment denying the writ of attachment does not determine the merits and does not cause irreparable injury. Furthermore, it argues that the portion of the judgment which denies damages does not make the judgment an appealable judgment since damages are only denied because the writ of attachment is denied. They assert the issue of damages is not reached until there is a granting of the dissolving of the attachment.
We note that:
]2A judgment dissolving a writ of attachment has been held to be an appealable interlocutory judgment. Pittman v. Lilly, 197 La. 233, 1 So.2d 88 (1941) and cases cited therein. However, an order denying a motion to dissolve a writ of attachment cannot be appealed prior to a disposition on the merits of the ease.
There is an exception to the basic rule stated above. If the motion to dissolve the attachment is accompanied by an incidental demand for damages for wrongful issuance of the writ, then even an order denying the motion is appealable. Stahlman Lumber Co. v. Ferrill, 320 So.2d 331 (La. App. 3rd Cir.1975), Smith v. Utility and Maintenance Contractors of America, Inc., 301 So.2d 906 (La.App. 2nd Cir.1974).
Carpenter v. Carpenter, 419 So.2d 999, 1001 (La.App. 4th Cir.1982).
Sunalma further asserts that even assuming the damage issue were appealable, the denial of the dissolution would not be appeal-able. However, we have held that:
Although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when an appealable judgment is rendered in the case. Ellefson v. Ellefson, 616 So.2d 221 (La.App. 5 Cir.), writ denied, 617 So.2d 1183 (La.1993). Defendant’s appeal is incidental to the appeal from the final judgment and we may therefore properly, consider it.
Territo v. Schwegmann Giant Supermarkets, 95-257 (La.App. 5th Cir. 9/26/95) 662 So.2d 44, 46, writ denied, 95-2504 (La.12/15/95) 664 So.2d 445.
*1120 We follow our holding in Territo and consider this appeal.
Appellants specify as errors the trial judge’s failure to dissolve the writ of attachment and to award damages.
La.Code Civ. Proc. art. 3541(2)(3) and (4) provides:
A writ of attachment may be obtained when the defendant:
(2) Has granted a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.), or has mortgaged, assigned, or disposed of his property or some part thereof, or is about to do any of these acts, with intent to defraud his creditors or give an unfair preference to one or more of them;
(3) Has converted or is about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors;
(4)Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him ...
Sunalma filed a petition for a money judgment and a writ of attachment against | aZervoudis. It alleged it loaned Zervoudis $200,000 May 25, 1993 to fund the purchase of a house. At the time, Mr. Zervoudis was president of Sunrise Shipping Agency, Inc. (Sunrise). Payment of the loan was predicated on Mr. Zervoudis’ continued employment with Sunrise with various amounts deducted from his salary and bonus. It was further alleged that Mr. Zervoudis resigned on August 23, 1993 and a demand was made by Sunalma on August 31, 1993 for $198,000. Sunalma alleged this amount has not been paid. Sunalma became aware of Zervoudis’ attempt to mortgage the home. It also alleged there were indications Zervoudis was returning to Greece. It sought a writ of attachment as to the property or proceeds from its sale. It also sought to collect the amount due on the loan. The trial judge granted the writ of attachment as to the property on June 21,1994.
On August 10, 1994 Zervoudis filed a rule to test the sufficiency of the bond; to dissolve the writ, and to obtain damages and attorney’s fees.
La.Code Civ. Proc. art. 3506 provides that it is the party obtaining the writ of attachment who bears the burden of proof in a hearing on a motion to dissolve the writ. 3506 provides:
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued ...
The trial judge concluded plaintiff had met its burden of proving that the defendants would mortgage the property and return to Greece. She made a credibility determination. We find no manifest error in her conclusion the writ should be issued.
Appellants argue that in order for the writ to properly be issued the plaintiff must substantiate that one of the grounds for issuance existed at the time the writ was issued. They assert that none of these grounds existed on Juné 21, 1994, the date of issuance. The trial judge specifically stated she was considering that period as the proper time period. She properly concluded after weighing contradictory testimony that La.Code Civ. Proc. art. 3541(3) was proven. Her findings indicate she concluded the defendants had “converted or [were] about to convert [their] property into money or evidences of debt, with intent to place it beyond the reach of [their] creditors.”
14Although appellants argue it was error for the trial judge to conclude they were planning to permanently leave the state on June 21, 1994 so as to establish that the requirements of article 3541(4) had been met, article 3541 does not require that all of its sections be met. We pretermit a discussion of whether the trial judge correctly concluded the defendants were planning to permanently leave the country.
Appellants admit they applied to Jefferson Guaranty Bank for a loan and a mortgage on the property. They argue they only applied for the mortgage in order to pay taxes on the $200,000 received from the plaintiff. They also argue they applied for the loan and mortgage before April 15, 1993. However, they admit that Jefferson Guaranty Bank sent letters to them dated June 16 and June *1121 24,1994 denying their loan request because a notice of lis pendens had been placed on the property by the plaintiff. The trial judge properly concluded that in June 1994, the date the writ was requested, the defendants were about to convert the property into evidence of debt, with the intent to place it beyond the reach of their creditors. The intent to place the their property beyond the reach of the plaintiff was established through the defendants ultimately using other money they had available to pay these taxes when the loan was denied. The trial judge concluded that once the impediment of a lis pendens was removed, as it had been in this case, there was no longer anything to prevent them from reapplying for the loan.
In their brief, the defendants state that as of June 21, 1994, the date of the attachment, they made no further efforts to mortgage the property. We are not persuaded by this argument since an attachment, like the lis pendens, would have been a further impediment to their doing so.
Appellants cite the following language in the trial judge’s reasons for judgment:
The very fact that the defendants attempted to mortgage the property in this matter is sufficient to establish the necessary intent to defraud the plaintiffs.
They argue that a finding of an attempt to mortgage the property is of itself insufficient to sustain the burden of proving article 3541(2). However, this statement must be read in context with the entire reasons for judgment. The trial judge also Isstated that she “must look to the totality of the circumstances known to the plaintiff at the time of the issuance of the writ herein.” The trial judge correctly found that under the circumstances where money was available to pay the taxes, there was intent on the part of the defendants to place the property beyond the reach of their creditors. Furthermore, the trial judge did not have to find that the attempt to mortgage the property was done with an intent to defraud a creditor since she only needed to determine that article 3541, section 3 was met and not section 2 as well.
Accordingly, for the reasons stated, the judgment is affirmed at appellants’ cost.
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.

. Hereinafter collectively referred to as Zervoudis.