JjMcMANUS, Judge.
The instant matter is an appeal from a judgment refusing to dissolve an order of sequestration, pending a dispute over rent under a commercial lease, of merchandise found on the premises which appellant, Diamond Shoe Stores of Louisiana, Inc., had been renting from appellee, Sarpy Properties, Inc. Because the judgment complained of is a final, appealable one, we deny the motion to dismiss and request for damages filed by appellee in this matter. And because we find that the trial judge erred in refusing to dissolve the sequestration, we reverse this ruling and remand the matter to allow appellant to pursue their own claim for damages.
PROCEDURAL HISTORY
This matter was commenced with a Petition for Sequestration Under Lessor’s Privilege filed by Sarpy on July 26th, 1999. The petition alleged past rent due and also alleged that Diamond might remove mer *772 chandise subject to the lien pending the rent dispute. The petition was verified, as is required.
|?We are informed, by way of statements in briefs filed in our Court, that separate suits were filed, under two different docket numbers in district court, one to evict Diamond and another to collect the rent Sarpy claimed was due.
The ex parte order granting the sequestration was signed on July 26th, allowing seizure of movables stored in Diamond’s space located on Sarpy’s property.
On August 2 nd, 1999, Sarpy filed a Motion for Leave to Deposit Rent In Registry of Court — rent which Diamond had forwarded to Sarpy for the month of July, 1999; the motion was granted by an order signed the same date. Also on the same date, Sarpy amended their petition to add as defendants the two individuals who had signed a guaranty for the lease.
On August 4 th, 1999, Diamond filed their Rule to Dissolve Sequestration; the rule included a prayer for damages for wrongful issuance of the writ.
On August 12 th, 1999, Sarpy filed a Memorandum in Opposition to the Rule to Dissolve, and on this same date, also filed a motion to withdraw from the court’s registry the July rental payment; the motion was set to be heard contemporaneously with the rule to dissolve.
The hearing on the rule to dissolve was heard August 24 th, 1999; the Judgment was signed September 8th, 1999. The judgment denied Diamond’s request to dissolve the writ, citing Diamond’s failure to pay the rent due even as of the hearing date. The judgment was silent as to Sar-py’s request to remove the July rent from the registry of court.
Diamond’s answer to the suit was filed September 10 th, 1999, and an amended answer was filed September 27 th. Diamond’s Motion for |3Pevolutive Appeal was filed October 8th, 1999.
In our Court, appellee Sarpy has filed both an answer to Diamond’s appeal and a motion to dismiss the appeal. On January 4 th, 2000, we referred the motion to dismiss to our consideration of the merits of Diamond’s appeal.
In their pleadings in our Court, Sarpy has indicated that they were not successful in having Diamond evicted from the West-side property. Sarpy has also indicated that a summary judgment was granted “on all issues in this case,” in Sarpy’s favor, on January 4 th, 2000. However, we do not know whether summary judgment was entered in this suit, which involved the sequestration, or was perhaps entered in the suit involving the unpaid rent. Perhaps the matters were consolidated subsequent to the judgment complained of. None of this is of record in the matter under review here.
On appeal, Diamond asserts the following assignments of error:
1. that the trial court erred by implicitly finding that Sarpy’s Petition clearly set forth the nature of its claim, the amount in dispute, and the specific facts relied upon for relief;
2. that the trial court erred by implicitly finding that Sarpy sustained its burden of proving at the evidentiary hearing the facts to constitute the stated grounds for the issuance of the writ of sequestration;
3. that the trial court erred by not awarding damages to Diamond Shoes, including attorney’s fees, for a wrongfully issued writ of sequestration.
As noted, Sarpy has filed an answer to the appeal to ask for damages for having had to answer a frivolous appeal. They have also filed a motion to have the appeal dismissed as premature, arguing that since the sequestration is not the only “issue” before the court, the order refusing to dissolve the sequestration is a partial judgment, not itself appealable.
*773 JjFACTS
As noted above, the status of the eviction and rent suits is not clear. And in addition, at the hearing on the motion to dissolve the sequestration, no testimony or evidence was produced, so we can only abstract the following facts regarding the sequestration from the pleadings.
Commencing in May of 1994 Diamond had been leasing, from Sarpy, Suite 11 of the Westside North Shopping Center, in which they operated a business known as Cannon Shoes. Apparently, however, Diamond had been having financial problems for some months during 1998, and Cannon Shoes had actually been closed for some time during months leading up to the sequence of events culminating in the sequestration. Also during this period, according to statements made in pleadings, Diamond and Sarpy had been engaged in negotiating the monthly rent. This fact notwithstanding, Sarpy’s original petition alleged rent due from the months of November and December, 1998, and for the months of January through July, 1999. The petition also contained statements that Sarpy feared the possibility that Diamond might move merchandise from the West-side Shopping Center to Diamond’s other store in the Oakwood Shopping Center for the purpose of selling it there. The petition was verified, as required, by Christopher A. Sarpy.
A copy of a lease was attached to the petition and contained the following provisions. In addition to the monthly rent figures, which included some amounts for insurance and other incidental expenses, the lease contained specific provisions regarding dissolution by default.
[section] 26. RIGHTS OF LANDLORD UPON DEFAULT BY TENANT. In the event TENANT shall at any time be in default in the payment of rent or other charges herein required to be paid by TENANT or in the observance or performance of any of the Mother covenants and agreements required to be performed and observed by TENANT hereunder and any such default shall continue for a period of seven (7) days after written notice to TENANT for monetary obligations ... or should TENANT be habitually late in the payment of rent and other sums due LANDLORD hereunder, then LANDLORD shall be entitled at his election, to exercise concurrently or successively, any one or more of the following rights: a) To re-enter and remove all persons and property from the Demised Premises, and such property may be removed and stored in a public warehouse or elsewhere at the cost of and for the account of TENANT, all without service of notice or resort to legal process and without being deemed guilty of trespass, or becoming liable for any loss or damage which may be occasioned thereby
[[Image here]]
The order granting the sequestration commanded the sheriff to seize “all of the movables in the premises located in Suite 11 (also known as Cannon Shoes), West-side North Shopping Center.”
Diamond’s rule to dissolve the sequestration alleged that no back rent was due — that the amounts in dispute had been “tendered” but refused by Sarpy — and made reference to the amount which had been deposited into the court’s registry. As exhibits attached to this motion, Diamond filed a copy of the lease and an affidavit signed by David Mesa in which he acknowledged the contract of lease between the parties.
A memorandum filed by Sarpy included as exhibits copies of letters which put Diamond in default under the above terms, one sent on July 8th, 1999, and one dated July 16th, 1999. An amending petition by Sarpy added as defendants guarantors of the lease — David Mesa, the signatory of the lease, and Maria Mesa.
At the hearing on the rule to dissolve, no witnesses were called, nor was any documentary evidence introduced. Instead, counsel for each party simply reiterated *774 the above facts as stated in various pleadings.
J^MOTION TO DISMISS
We first address Sarpy’s motion to dismiss. In their motion, Sarpy argues that the judgment refusing to dissolve the sequestration is not a final, appealable judgment: they argue that the ruling on the dissolution is a partial judgment under LSA-C.C.P. art. 1915. In addition, they argue that the dissolution is not the “only issue” to be resolved between the parties. In their brief on the merits, Sarpy adverts to the other causes of action arising out of the dispute — the eviction and suit for payment of rent — and suggests to us that we should not consider appeals of various rulings on a piecemeal basis.
There is no question that the ruling complained of is immediately appealable.
We note first that consideration of other potential “issues” has no place in a review of the particular ruling complained of. Sequestration is a provisional or conservatory writ utilized to preserve a creditor/plaintiffs right to execute on a judgment if one is obtained against a debt- or/defendant on the merits of the main demand of the controversy. See LSA-C.C.P. art. 3501 and following comments. Therefore, while grounds underlying each naturally spring from connected facts, there is also some variance in the issues and proof intrinsic to each separate proceeding. In some respects, the divergence is dramatic. In particular, at the trial of a rule or motion to dissolve a writ under LSA-C.C.P. art. 3506, only the grounds for the auxiliary remedy, i.e., dissolution of the writ and damages for wrongful sequestration, may be inquired into, and not the merits of the main demand. Tucker and Schonekas v. Al Dohmann Chevrolet, Inc., 260 So.2d 99, 100 (La.App. 1st Cir.1972) (citing Official Revision Comment (c) under article |73506). Further, at a hearing on dissolution, the validity of the attachment process is determined on the facts known and existing at the time the attachment is requested. Barnett Marine, Inc. v. Van Den Adel, 96-1029, at p. 11 (La.App. 5th Cir. 4/9/97), 694 So.2d 453, 459 (emphasis supplied). Under this authority, the “issues” which Sarpy calls to our attention were not relevant at Diamond’s motion to dissolve and revolve around facts which would have been not admissible in the hearing below. Therefore, these peripheral facts — here, not even of record — have no bearing on our review of the correctness of the ruling on the motion to dissolve the sequestration.
Moreover, there is no question that a rejection of a demand for damages constitutes a judgment immediately appeal-able regardless of the status of the suit on the main demand. Diamond’s motion to dissolve the writ included a prayer for damages. Article 3506 allows a defendant/debtor to make a claim for damages for wrongful issuance of the writ when they file the motion to dissolve. The demand for damages is in the nature of an incidental demand. Talley v. Bradley, 177 So.2d 624, 627 (La.App. 3rd Cir.1965). The ruling refusing to dissolve the writ, therefore, operates as a rejection of the incidental demand, and is itself appealable. Sunalma Financial Enterprises, S.A. v. Zervoudis, 96-485, at p. 2 (La.App. 5th Cir. 12/16/96), 684 So.2d 1118, 1119; Smith v. Utility & Maintenance Contractors of America, Inc., 301 So.2d 906, 908 (La.App. 2nd Cir.1974). There is no question that we have jurisdiction in the matter before us now.
Finally, on the question of judicial economy, we note that the issues here are not so “interrelated” to those remaining between the parties that our consideration of them will render moot any other pending action. Contrast, for example, the facts presented in Telerecovery of Louisiana, Inc. v. Gaulon, 96-626, at p. 4 (La.App. 5th Cir. 11/26/96), 685 So.2d 341, 342, in which one party had prematurely appealed the partial granting of a new trial on an issue the resolution of which would have nevertheless obviated any further dispute *775 on the remaining demand. Our review of the correctness of the sequestration ruling will not serve to disrupt or render meaningless any other unfinished matters between appellee and appellant.
Therefore, since there are no jurisdictional impediments to our review of the matter, and there are no considerations of judicial economy weighing against review, we will deny Sarpy’s motion to dismiss this appeal, and address the merits of Diamond’s assigned errors.
ASSIGNMENT OF ERROR NUMBER 1—PLEADINGS
As Diamond’s first assignment of error, they argue that the facts plead in Sarpy’s original petition were so deficient that they did not satisfy the strict requirements of LSA-C.C.P. art. 3501, and that therefore, the sequestration was not properly granted. They argue that the petition was insufficient because it failed to allege the “tender” of rent made by them to Sarpy pending the dispute. Diamond is correct in that this fact would be highly significant in the proceedings on the main demand—the claim for rent. Diamond is also correct in their assertion that pleading requirements in these matters must be strictly and literally complied with, due to the harshness of the remedy in question. Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669 (1970); Yorkwood Sav. and Loan Ass’n v. Thomas, 379 So.2d 798, 799 (La.App. 4th Cir.1980). However, as noted, the merits of the main demand may not be inquired into at a motion to dissolve the sequestration. Tucker and Schonekas, 260 So.2d at 100. The technical sufficiency of allegations regarding possible settlement of the rent claim, |3therefore, is not a consideration. And because Sarpy failed to prove any even properly pleaded allegations, we will pretermit any discussion regarding pleadings, and base our decision instead on Sarpy’s failure of proof.
ASSIGNMENT OF ERROR NUMBER 2—PROOF
As Diamond’s second assignment of error, they arg-ue that at the hearing to dissolve the sequestration Sarpy failed to carry their burden of proof allowing them to sustain the writ. Specifically, Diamond argues that Sarpy failed to show that they had complied with the lease provision requiring seven days’ notice to the tenant before the institution of eviction and sequestration proceedings. Diamond argues that since the letters putting them in default were not incorporated in the original petition, they were not properly considered at the hearing to dissolve the sequestration.
Sarpy asserts that they did carry their burden to satisfy the only factual question necessary to prevail: they argue that they did prove that the rent in question had not been paid. They suggest that this fact is an “adjudicative fact”, the proper subject of judicial notice.
As in error number one, Diamond is correct to assert that the strict requirements applicable do not allow amendment of pleadings “once [a] defendant has moved to dissolve a conservatory writ.” Hancock Bank, 237 So.2d at 672. And because Sarpy’s above assertion is incorrect, because there are other elements of proof which were not met, the writ was not properly maintained.
The judgment complained of refused to dissolve the original order of sequestration, which had been granted in Sarpy’s favor without notice to Diamond. While an ex parte sequestration without prior notice to a defendant is proper under LSA-C.C.P. articles 3501 and 3502, the filing of |ina rule to dissolve the sequestration calls into play protections designed to insure that the writ should have been issued. LSA-C.C.P. art. 3506, in particular, holds, in part:
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued ...
*776 Therefore, once the defendant files a motion to dissolve, the burden of proof is shifted to the plaintiff/creditor to establish facts constituting grounds for the issuance of the writ of sequestration. The motion to dissolve puts the plaintiff to his proof “for a second time,” in court. Hargett v. Hargett, 98-1470, at pages 5-6 (La.App. 3rd Cir. 3/31/99), 732 So.2d 666, 669, writ denied, 99-1291 (La.6/25/99), 746 So.2d 603. The burden of proof consists of two elements, the burden of persuasion and the burden of producing evidence. Stroik v. Ponseti, 96-2897, at p. 11 (La.9/9/97), 699 So.2d 1072, 1080(emphasis supplied). Plaintiffs failure to discharge the burden [under article 3506] entitles the mover to an order of dissolution. Chas. A. Kaufman Co. v. Gregor, 244 La. 766, 154 So.2d 392, 395 (1963) (emphasis supplied; discusses writ of attachment).
The sequestration had been issued to secure Sarpy’s lessor’s privilege over the “movable effects of the lease.” LSA-C.C. 2705. Therefore, the “facts constituting grounds for the issuance of a writ of sequestration,” or, Sarpy’s burden of proof at the dissolution hearing, is founded on the following requirements.
The party seeking to maintain a conservatory writ must first show the “nature of the claim and the amount thereof.” LSA-C.C.P. art. 3501. Then, two additional elements of proof are derived from LSA-C.C.P. art. 3571, which states that:
In When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property ... or remove the property from the parish, during the pendency of the action (emphasis added).
Therefore, under article 3571, if the privilege claimed is a lessor’s privilege, the lease and its provisions are also made part of the burden of proof. See Carriere v. Bank of Louisiana, 95-3058, at p. 8 (La.12/13/96), 702 So.2d 648, 666, (lease contract defines rights and obligations between parties).
Thus, it was Sarpy’s burden, at the hearing to dissolve, to show (1) the nature and amount of the claim, (2) the applicable privilege — here, the lessor’s privilege, and (3) that it was within Diamond’s power to conceal, or dispose of, or waste the property subject to the lien, or to remove it from the parish pending the suit on the main demand.
We note first, regarding the second prong of Sarpy’s burden, that Diamond did, by way of their rule to dissolve, admit the fact of the lease contract between the parties. In their rule to dissolve, Diamond asked for relief under the lease; their motion included as an exhibit their copy of the lease. This admission, therefore, relieved Sarpy of having to prove the existence of the lease. LSA-C.C. art. 1853; Krepps v. Hindelang, 97-980, at pages 9-10, (La.App. 5th Cir. 4/15/98), 713 So.2d 519, 524. However, Sarpy did fail to prove the terms of the lease and the two remaining components of their burden.
Sarpy presented no witnesses to prove any of the remaining elements of their burden. There was no testimony to confirm that the rent had not been paid, nor can we find any authority allowing the trial judge to take judicial notice of this fact. Regarding proof of the terms of the lease, as hp.noted, no amendment of the original petition for sequestration is allowed once the rule to dissolve is filed: Sarpy was therefore limited, at the hearing on the rule, to proving facts which would conform to their original petition. Hancock Bank, 237 So.2d at 672. Since these facts had not been alleged in the original petition, Sarpy was, in essence, precluded from proving that they had given Diamond notice under the terms of the lease requiring as much. And finally, there was no testimony to show or confirm that Diamond could have removed or otherwise disposed *777 of the property subject to the lien pending resolution of the dispute over the rent due.
We are mindful of the strict and literal application required of articles governing sequestration proceedings. Barnett Marine, 96-1029 at p. 11, 694 So.2d at 458. Under these principles, we cannot say that Sarpy discharged their burden at the hearing below. Sarpy presented no proof whatever, whatever they should have proved. And we are unable to find any authority allowing them to simply rest on their petition, at Diamond’s rule to dissolve the writ, and ask that the sequestration be maintained. Diamond was entitled to an order dissolving the writ. Kaufman, 154 So.2d at 395. It was error for the trial judge to refuse to grant the relief they asked for.
ASSIGNMENT OF ERROR NUMBER THREE — DAMAGES
As Diamond’s last assignment of error, they ask for damages for the wrongful issuance of the writ. LSA-C.C.P. art. 3506. However, there was no proof of damages below, and Diamond acknowledges that we are limited, as far as any action we can take, to remanding the matter for them to pursue as they see fit.
For the above reasons, we reverse the trial court ruling of September 8th, 1999, thereby vacating the order of sequestration relative to the | ^property of Diamond Shoe Stores, Inc., found on rental premises owned by Sarpy Properties, Inc., and remand the matter for Diamond to pursue a claim of damages. Sarpy’s motion to dismiss and their request for damages are denied.
MOTION TO DISMISS DENIED; JUDGMENT REVERSED; REMANDED TO ALLOW CLAIM FOR DAMAGES.
CANNELLA, J., concurs in the result.