SUSAN M. CHEHARDY, Judge.
12This matter comes before this Court on plaintifi/appellee’s Motion to Dismiss Appeal. For the following reasons, we dismiss this appeal but reserve the parties’ right to appeal as allowed by law.
According to appellee’s motions before this Court, the trial court decided the issues between the parties upon cross-motions for summary judgment, which were heard and taken under advisement on April 15, 2009. On May 5, 2009, the court granted summary judgment in favor of the' plaintiff, and against defendants in solido, and awarded damages and attorneys’ fees.
On May 21, 2009, defendant-Subway Real Estate Corp. filed a motion for new trial on the award of attorneys’ fees. On May 26, 2009, defendants-R.J.P. Enterprises, Jay Hardgrave, and Patricia Hard-grave filed a Motion for Appeal, which the trial court granted. On July 22, 2009, the trial court granted defendant-Subway’s motion for new trial and rendered an “amended” judgment, reducing the attorneys’ fee award. In essence, the trial judge granted a new trial and amended the original judgment while an appeal of that judgment was pending.
|sThe granting of a new trial sets aside the original judgment, which cannot thereafter afford the basis of an appeal. In re Transit Management of Southeast La., Inc., 2004-0632 (La.App. 4 Cir. 10/20/06), 942 So.2d 595. The judgment from the new trial becomes the final judgment from which an appeal may be taken. Therefore, a judgment that is set aside by a later judgment granting a new trial cannot form the basis for a later appeal because the original judgment is superseded *964 by the later judgment. Accordingly, a court of appeal has no jurisdiction to entertain an appeal from a judgment that has been recast by the trial court because of post-trial motion practice. Telerecovery of Louisiana, Inc. v. Gaulon, 96-626 (La.App. 5 Cir. 11/26/96), 685 So.2d 341, 342.
Accordingly, we dismiss the present appeal. Ail parties’ right to appeal both judgments is reserved.
APPEAL DISMISSED.