MARC E. JOHNSON, Judge.
| ^Defendants appeal the trial court’s ruling denying their motion to dissolve a writ of sequestration obtained by Plaintiffs. For the following reasons, we dismiss the appeal for lack of jurisdiction.

FACTS & PROCEDURAL HISTORY

On April 22, 2015, Plaintiffs, Mace Scott Enterprises, Inc. (“MSE”) and Dr. Mace Scott, filed a Verified Petition for Writ of Sequestration and Breach of Contract against Defendants, Doug Cook and Doug Cook Enterprises, L.L.C. (“DCE”). The petition alleged that Doug Cook, the sole member of DCE, failed to repay a personal loan in the amount of $200,000 that was made by MSE to Mr. Cook after he represented that DCE was experiencing cash flow problems. The petition further stated that DCE, as a general contractor, had entered into a contract with S & A Holdings, L.L.C. (“S & A”), of which Dr. Scott is a member, to build a medical spa building in Jefferson Parish.
lain addition to damages for breach of contract, Plaintiffs sought a writ of sequestration seeking to have the sheriff seize $200,000 from Defendants. Plaintiffs claimed that the $200,000 was within the power of Defendants to conceal, dispose of, waste, and/or remove from the parish during the pendency of the action. Plaintiffs specifically alleged that Dr. Scott had been advised that Mr. Cook “intentionally places his assets in the names of others (hiding assets) in order to shield himself from certain creditors.”
Less than one week later, on April 25, 2015, Plaintiffs filed an Ex Parte Verified Motion for Writ of Sequestration. After a June 9, 2015 contradictory hearing, the trial court granted a writ of sequestration without requiring that security be posted.[1]
Shortly thereafter, Defendants filed a motion to dissolve the writ of sequestration pursuant to La. C.C.P. art. 3506. In a judgment dated October 1, 2015, the trial court denied Defendants’ motion. Within 30 days, Defendants filed a motion for appeal under the authority of Sarpy Properties, Inc. v. Diamond Shoe Stores of LA Inc., 99-1304 (La.App. 5 Cir. 5/17/00); 761 So.2d 769, writ denied, 00-1760 (La.9/22/00); 768 So.2d 604. Defendants alternatively noticed their intent to take a supervisory writ in the event the ruling at issue was deemed to be non-appealable. The trial court granted Defendants’ motion *417 for appeal and the appeal was subsequently lodged with this Court.

MOTION TO DISMISS

Plaintiffs have filed a motion to dismiss the appeal with this Court alleging the October 1, 2015 judgment is an interlocutory ruling, not a final appealable judgment, and thus this Court lacks appellate jurisdiction. Defendants respond that this Court previously addressed the issue of whether the denial of a motion to ^dissolve a writ of sequestration is appealable in Sarpy, supra, and firmly held that such a ruling is appealable. While we acknowledge that this Court held such a ruling was appealable in Sarpy, we find the ruling is interlocutory and not appealable under the current version of La. C.C.P. art. 2083.
An interlocutory judgment is one that does not determine the merits but only preliminary matters in the course of the action. La. C.C.P. art. 1841. An order denying the dissolution of a sequestration is interlocutory. See Big Four Crane Service, Inc. v. Owl Construction Co. Inc., 471 So.2d 992, 993 (La.App. 1st Cir.1985), units denied, 476 So.2d 350, 351 (La.1985).
In Sarpy, supra, the defendant appealed from a judgment refusing to dissolve an order of sequestration. This Court addressed the merits of the defendant’s appeal after concluding the ruling complained of was immediately appealable. At the time Sarpy was decided, La. C.C.P. art.2083 provided that an appeal may be taken from interlocutory judgments which caused irreparable harm. Irreparable harm exists where the error sought to be corrected on appeal from the interlocutory judgment cannot, as a practical matter, be corrected on an appeal following a determination of the merits of the lawsuit. Collins v. Prudential Ins. Co., 99-1423 (La.1/19/00); 752 So.2d 825, 829. The denial of a motion to dissolve a writ of sequestration cannot, as a practical matter, be corrected on appeal at the conclusion of the lawsuit and, thus, constitutes an interlocutory judgment that causes irreparable harm. As such, under the version of Article 2083 in effect at the time of Sarpy, the ruling was subject to appeal.
Article 2083 was amended in 2005, effective January 1, 2006, to provide that interlocutory judgments are only appealable when expressly provided by law. Appellate review of all other interlocutory judgments should be applied for pursuant to the appellate court’s supervisory authority set forth in La. C.C.P. art. R2201. La. C.C.P. art. 2083, Louisiana Official Revision Comments 2005, Comment (a). Prior cases recognizing a right to appeal interlocutory judgments based on the irreparable harm standard are no longer valid. La. C.C.P. art. 2083, Louisiana Official Revision Comments 2005, Comment (b).
There is no express law providing for the appeal of the denial of a motion to dissolve a writ of sequestration; therefore, under the current version of Article 2083, the trial court’s October 1, 2015 ruling is a non-appealable interlocutory judgment. Accordingly, we conclude that we have no appellate jurisdiction to consider the merits of the present appeal and grant Plaintiffs’ motion to dismiss Defendants’ appeal without prejudice. We reserve Defendants’ right to file an application for supervisory writs, in compliance with Uniform Rules — Courts Appeal, Rule 4-3, within 30 days from the date of this decision.[2] Because Defendants alternatively noticed their intent to seek supervisory writs in *418 their motion for appeal, we find that Defendants are neither required to file another notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.

DECREE

For the foregoing reasons, Plaintiffs’ motion to dismiss this appeal is granted and Defendants’ appeal is dismissed without prejudice. We further grant Defendants 30 days from the date of this opinion to file .a writ application with this Court.

APPEAL DISMISSED

. In their motion for appeal, Defendants assert that Plaintiffs’ effectively executed the writ of sequestration and that the sheriff seized approximately $158,000 in cash from DCE’s accounts.

. On May 23, 2014, this Court adopted an en banc resolution wherein improperly filed appeals will not be converted for consideration via this Court’s supervisory jurisdiction.