NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 CU 0847

T.A.[1]

VERSUS

R.S.

Judgment Rendered: **NOV 0 7 2022**

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2015-11155

The Honorable Patrice W. Oppenheim, Judge Presiding

*************

Zara Zeringue                    Counsel for Plaintiff/Appellee,
Kathleen Legendre               T.A.
Covington, LA


Ernest E. Barrow III            Counsel for Defendant/Appellant,
Covington, LA                   R.S.



*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND WOLFE, JJ.


WHIPPLE, C.J.

---

[1] In order to protect the identity of the minor child, we refer to the parents and the minor child by their initials throughout this opinion. See Uniform Rules — Courts of Appeal, Rules 5-1 and 5-2.

This custody matter is before us on appeal by the mother, R.S., who appeals a judgment of the trial court awarding her and the father, T.A., joint legal custody of their minor child. For the following reasons, we dismiss the appeal.

## PROCEDURAL HISTORY

R.S. and T.A., who were never married, are the mother and father of L.A., who was born in October of 2014. On April 28, 2022, the trial court signed a judgment on T.A.'s rule to modify custody, increase custodial time, for contempt, and for R.S. to submit to alcohol and drug testing. On May 5, 2022, R.S. filed a motion to appeal the April 28, 2022 judgment. On May 6, 2022, however, T.A. timely filed a motion for new trial.[2] See LSA-C.C.P. art. 1974. The motion for new trial was initially set for hearing on August 17, 2022, but pursuant to an uncontested motion to continue, was reset for October 26, 2022. Prior to hearing T.A.'s motion for new trial, the trial court signed an order of appeal on May 26, 2022.

Thus, following the lodging of this appeal, this Court issued a Rule to Show Cause Order noting the prematurity of the appeal, given the pending motion for new trial, and ordering the parties to show cause by briefs why the appeal should or should not be dismissed for lack of jurisdiction.[3] Disposition of the rule to show cause was referred to the merits panel of this appeal.

On October 26, 2022, the trial court held a hearing on the motion for new trial. Thereafter, R.S. filed a motion to continue or stay this appeal, which was

---

[2] Notice of the April 28, 2022 judgment was issued on April 29, 2022.

[3] An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial, and the order becomes effective upon the denial of such motions. LSA-C.C.P. arts. 2087(D) and 2123(C); see also Lane v. Lane, 2015-1572 (La. App. 1st Cir. 2/26/16), 2016WL770832, *2 (unpublished); Harris v. Louisiana Department of Public Safety and Corrections, 2019-1657 (La. App. 1st Cir. 8/3/20), 310 So. 3d 211, 214. Prematurity created by the existence of an outstanding motion for new trial is a jurisdictional defect, which cannot be waived. See Lane v. Lane, 2016WL770832 at *2; Petitto v. McMichael, 552 So. 2d 790, 792 (La. App. 1st Cir. 1989). Without jurisdiction, any review by this court would be premature. Yohn v. Brandon, 2001-1896 (La. App. 1st Cir. 9/27/02), 835 So. 2d 580, 586, writ denied, 2002-2592 (La. 12/13/02), 831 So. 2d 989.

2

opposed by T.A. Both parties agree in their filings that the trial court granted T.A.'s motion for new trial in part and denied it in part. T.A. contends in his opposition that this appeal is premature and there is no extraordinary cause that would justify granting the requested continuance or stay. T.A. further avers that the portion of the new trial that was granted concerns one of R.S.'s assignments of error on appeal, and thus, the judgment appealed from by R.S. is not a final judgment. According to the minute entry from the hearing, the trial court granted a new trial as to the issue of the breathalyzer, ordering R.S. to install an interlock device on the vehicle within seven days. In all other respects, the motion was denied.

## DISCUSSION

The granting of a new trial sets aside the original judgment, which cannot thereafter afford the basis of an appeal. Lane v. Lane, 2015-1572 (La. App. 1st Cir. 2/26/16), 2016WL770832, *3, n.2 (unpublished), citing David Drive Enterprises, L.L.C. v. Subway Real Estate Corporation, 2009-634 (La. App. 5th Cir. 9/29/09), 23 So. 3d 962, 963. The judgment from the new trial becomes the final judgment from which an appeal may be taken. Therefore, a judgment that is set aside by a later judgment granting a new trial cannot form the basis for a later appeal because the original judgment is superseded by the later judgment. Accordingly, a court of appeal has no jurisdiction to entertain an appeal from a judgment that has been recast by the trial court because of post-trial motion practice. Lane v. Lane, 2016WL770832 at *3, n.2; David Drive Enterprises, L.L.C., 23 So. 3d at 963-964, As such, we dismiss the present appeal of the April 28, 2022 judgment. This decision in no way affects the parties' rights to appeal the later judgment within the applicable delays for the taking of such appeal.

3

## CONCLUSION

For the above and foregoing reasons, R.S.'s motion for continuance or stay is denied. The instant appeal of the April 28, 2022 judgment is dismissed. Costs of this appeal are assessed to the appellant, R.S.

**MOTION DENIED; APPEAL DISMISSED.**