STOULIG, Judge.
Plaintiff-appellee, Louisiana Power & Light Company (“LP&L”), instituted suit against defendant-appellant, Crescent Properties Company, Inc. (“Crescent”), to obtain payment for utilities furnished to defendant’s Elmwood Plantation Apartments, located in Metairie, Louisiana. The suit on the main demand is basically concerned with the rate to be charged for utilities.
In connection with the principal demand LP&L caused a writ of attachment to issue against Elmwood Plantation Apartments on May 5, 1971, on the grounds that the property was to be sold in the immediate future and attachment was necessary to protect its interests. Crescent filed a motion to dissolve the writ of attachment and sought damages and attorney’s fees pursuant to LSA-C.C.P. art. 3506 for wrongful issuance of the writ. On June 17, 1971, the trial court rendered judgment in favor of Crescent dissolving the attachment and awarding damages in the amount of $2,155.-12 including attorney’s fees.
Four days later on June 21, LP&L timely filed a motion for a new trial limited to the issue of the quantum of damages assessed. Plaintiff made no effort to reimpose the writ of attachment at this or any subsequent time. The motion was heard contradictorily on September 2, 1971, at which time Crescent prayed for additional damages representing expenses and attorney’s fees incurred as a result of its preparation and argument in opposition to plaintiff’s motion for a new trial. Judgment was rendered in favor of defendant denying LP&L’s motion for a new trial and imposing 7 percent interest on the damages awarded in the judgment of June 17. The judgment also dismissed Crescent’s claim for additional fees and expenses of counsel.
Crescent devolutively appealed from the provision of the judgment denying additional attorney’s fees and expenses incurred in opposing plaintiff’s motion. LP&L has answered. defendant’s appeal praying that the demand for additional expenses and attorney’s fees be denied and that the initial award of damages as granted be reversed as contrary to law.
In its brief and in oral argument LP&L has not pursued its contention that the award of $2,155.12 in damages was contrary to law. Instead it seeks only that the judgment of September 2 be affirmed and that it not be cast for attorney’s fees or expenses incurred by Crescent for prosecuting this appeal.
Therefore the sole issue before this court is whether LSA-C.C.P. art. 3506 authorizes the allowance of additional attorney’s fees when the initial award of damages granted under the article is contested by further litigation.
*50 LSA-C.C.P. art. 3506 provides in part as follows:
“The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.” (Emphasis added.)
We note that the litigation arising subsequent to the judgment of June 17, the date on which the writ of attachment was dissolved, did not in any manner relate to an attempt to reimpose the attachment; rather plaintiff acquiesced in its dissolution. As may be seen from the emphasized portion of Article 3506, attorney’s fees may only be awarded for services rendered directly in connection with the dissolving of the writ or resisting its reimposition. In our opinion the statute cannot be construed to include attorney’s fees incurred when the quantum of damages awarded by the trial court is attacked unless that attack is coupled with an attempt to reimpose the writ of attachment.
In support of its position defendant cites to this court the cases of Talley v. Bradley, 177 So.2d 624 (La.App. 3d Cir. 1965), and Victory Electric Works, Inc. v. Maryland Casualty Co., 140 So.2d 182 (La.App. 4th Cir. 1962). We find these cases inap-posite. In both instances additional attorney’s fees were awarded because the judgment of the trial court dissolving the attachment was litigated on appeal. We are in complete agreement with these decisions under the terms of Article 3506, but the instant case differs in that the reimposition of the writ of attachment did not form part of the motion for a new trial nor is it before us on appeal.
It is well settled that attorney’s fees can only .be awarded when authorized by statute or specifically contracted for by the parties and, being in the nature of a penalty, their imposition must be strictly construed. It therefore follows that the trial court must strictly adhere to the provisions of LSA-C.C.P. art. 3506 in awarding attorney’s fees as an element of damages for the wrongful issuance of a writ of attachment.
For these reasons we affirm the judgment of the trial court. Costs of this appeal are to be borne by defendant-appellant, Crescent Properties Company, Inc.
Affirmed.