WATSON, Judge.
Plaintiff, Evangeline Farmers’ Co-Op, Inc., filed suit against the alleged owners and trainer of two race horses to collect a feed bill and to sequester the horses. The alleged owners, Thomas K. Smith and W. A. (Bill) Darling, and the trainer, Ronald Briley, defendants, filed reconventional demands for damages, loss of revenues and attorney’s fees allegedly resulting from the seizure of the horses under the Writ of Sequestration. The trial court dismissed the original suit on the plaintiff Co-Op’s motion after payment of the accounts. Judgment on the reconventional demands was given in favor of the Co-Op.
There is some confusion in the record as to whether the reconventional demand was decided on a motion for summary judgment or on the merits. However, no mention of summary judgment is made by either party on appeal; there is testimony in the record; and the trial court’s reasons treat the matter as a decision on the merits. We will consider the appeal as on the merits.
Only Thomas K. Smith, plaintiff-in-re-convention, has appealed from the judgment of the trial court, contending that the trial court erred in not finding the seizure under the Writ of Sequestration to be unlawful and in not awarding him damages.
Appellant Smith assigns several errors in the trial court’s rejection of his claims.
We do not reach these issues, however, for the reason that the record does not indicate that Smith owned the horses at the time of seizure. The trainer, Briley, testified that the horses, Easy Rogé and Bee’s Jet Deck, belonged to Bill Darling, who is not appealing. (TR. 231). Smith did not even testify.
Only Smith appealed and while the record is not entirely clear as to ownership, it is incumbent on Smith in his claim for damages for wrongful seizure to show some basis for his claim:
“Having come to the conclusion that defendant was not the owner of the boat, we must necessarily conclude that he is *234 not entitled to recover any damages which he claims were caused him by the issuance of the writs of sequestration.” Dempster v. Warner, 194 So. 127 at 130 (La.App. 1 Cir. 1940), writ refused.
Since defendant and plaintiff-in-reconvention here has failed to prove damages to him as owner of the seized property, his claim for wrongful seizure must fail. He has asserted no other interest in the horses which would entitle him to damages for wrongful seizure.
Accordingly, the judgment of the trial court rejecting Smith’s demands is affirmed at his costs.
Affirmed.