452 So.2d 333 (1984)
SEARS, ROEBUCK AND COMPANY
v.
Lily S. Guilbault, wife of/and Michael GUILBAULT, in Solido.
No. CA-1476.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
*334 Clarence F. Favret, III, Bernadette B. Springmann, Favret, Favret, Demarest & Russo, New Orleans, for plaintiff-appellant, Sears, Roebuck and Company
Bruce G. Reed, Reed & Reed, New Orleans, for defendant-appellee, Lily S. Guilbault
Before SCHOTT, WARD and LOBRANO, JJ.
CHARLES R. WARD, Judge.
Sears, Roebuck and Company appeals a judgment dissolving a writ of sequestration and awarding damages, costs, and attorney's fees to Lily S. Guilbault. Ms. Guilbault has answered the appeal, seeking increased damages and additional attorney's fees.
The facts are uncontroverted: In June 1980, Michael Guilbault ordered custommade Venetian blinds from Sears. He charged the cost of the blinds to his Sears revolving charge account which also authorized credit purchases by Lily Guilbault, his wife. Mr. Guilbault picked up the blinds from the Sears store at Clearview Shopping Center and took them to his office where they were installed.
On January 6, 1982, Sears filed suit in First City Court against Mr. and Mrs. Guilbault for $902.42 due on their account for the purchase of the Venetian blinds. Mr. and Mrs. Guilbault filed a joint answer on March 22, 1982, denying liability. Thereafter, the case was continued indefinitely at the Guilbault's request.
On June 7, 1982, title to the Guilbault's residence was placed in the name of Lily Guilbault alone. Three days later, she began bankruptcy proceedings in her name only. On July 7, Michael and Lily Guilbault obtained a judicial separation.
On November 19, 1982, Sears filed a verified Petition for In Rem Judgment and posted bond, seeking a Writ of Sequestration for the Venetian blinds, claiming a vendor's privilege against Lily Guilbault only, alleging the blinds were in her possession.
The Writ of Sequestration was issued. Without notifying Ms. Guilbault, Sears' collection manager, along with a locksmith *335 and the court constable, went to Ms. Guilbault's house to seize the Venetian blinds. It was a weekday morning and no one was at home. The locksmith picked the door lock, and Sears' collection manager and the constable entered. The Sears representative searched for the venetian blinds, but they were not in the house. Shortly thereafter, Ms. Guilbault, who was at work at the time, found out about the entry and attempted seizure from a friend who had been called by a neighbor who saw the men enter the home.
Ms. Guilbault filed a Petition to Dissolve the Writ of Sequestration, claiming damages, attorney's fees, and court costs. After a hearing, at which Sears' collection manager and Ms. Guilbault were the sole witnesses, the Trial Court dissolved the writ, awarded Ms. Guilbault $1,000.00 in damages and ordered Sears to pay Ms. Guilbault $750.00 for attorney's fees.
Sears raises three issues in its appeal, contending that 1) Ms. Guilbault has no right of action for the wrongful issuance of the writ of sequestration since she was not the owner of the property, 2) the Trial Judge erred in dissolving the writ of sequestration and awarding damages and attorney's fees, and alternatively, 3) the damages awarded were excessive and unwarranted.
The law governing this case is Louisiana Code of Civil Procedure Article 3506:
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.
In contending that Article 3506 gives Ms. Guilbault no right of action for the wrongful issuance of the writ, Sears relies upon Evangeline Farmers' Co-op, Inc. v. Smith, 320 So.2d 233 (La.App. 3rd Cir.1975). In that case, damages were sought for the wrongful seizure of two race horses. The Court rejected the claim, finding that "the record does not indicate that Smith owned the horses at the time of seizure."
We find Ms. Guilbault's claim distinguishable from the one rejected in Evangeline Farmers' Co-op. First, it appears that when Mr. Guilbault bought the blinds, they were community property. Since the record does not contain the Guilbault's community property settlement, we do not know who now owns the blinds. However, Ms. Guilbault sought dissolution and damages, not for a wrongful seizure, but for the wrongful issuance of the writ authorizing entry into her home, based on the false affidavit purporting to support issuance of the writ.
Additionally, even if Ms. Guilbault does not own the blinds, we find Givens v. Emmer, 6 Orleans App. 8 (1908), is applicable. In that case, the plaintiff also urged that the defendant could not move to dissolve a writ because he was not the owner of the property attached. The court held that, "irrespective of the ownership of the property attached, the mere fact that an attachment has issued against a party gives him the right to ask for its dissolution."
Article 3506 does not require that the party who moves for dissolution of a writ and damages for wrongful issuance be the owner of the property. Rather the article gives "the defendant" the right to seek dissolution and damages." By making Lily Guilbault the defendant in its petition, Sears gave her a right of action and Sears is now liable if the issuance of the writ was wrong and if Ms. Guilbault proves damages.
Sears next contends that the Trial Judge erred in dissolving the writ and awarding damages and attorney's fees. In support of this contention, Sears asserts that the *336 venetian blinds purchased by Michael Guilbault were community property and the unpaid bill was a debt of the community. Further, Sears points out that the debt to Sears was listed on Lily Guilbault's bankruptcy petition, meaning that Sears could no longer pursue Ms. Guilbault personally for the debt, but could only levy upon the property, which had been disclaimed by the bankruptcy trustee as "non-exempt household furniture and appliances" pursuant to La.R.S. 13:3881.
Sears' statement of the pertinent community property and bankruptcy law is correct. However, we find the Trial Judge correctly dissolved the writ because Sears did not meet the statutory requirements for issuance of a writ of sequestration.
Louisiana Code of Civil Procedure Article 3501 requires:
A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.

* * * * * *
Louisiana Code of Civil Procedure Article 3571 requires as grounds for sequestration that it be "within the power of the defendant to conceal, dispose of, or waste the property." In order to satisfy Article 3571, Sears filed a petition, verified by the sworn statement of its counsel, alleging that "Defendant has corporeal possession of the aforesaid property." The petition further stated, in an attempt to maintain Sears' vendor's privilege, that the "aforesaid property remains in the possession of Defendant."
When Ms. Guilbault filed her petition to dissolve the writ of sequestration, alleging that it was wrongfully issued, the burden was on Sears to establish to the Court's satisfaction the facts upon which the writ was issued. Yorkwood Savings and Loan Association v. Thomas, 379 So.2d 798 (La.App. 4th Cir.1980). As the record clearly indicates, Sears failed to prove those necessary facts because Lily Guilbault never had possession of the venetian blinds. When it became apparent to the Trial Judge that assertions in Sears' petition were untrue, he properly dissolved the writ as wrongfully issued. Charles A. Kaufman Co. v. Gregory, 244 La. 766, 154 So.2d 392 (1963).
Hence, we find no error in the Trial Judge's dissolution of the writ.
Turning to the issue of damages, Sears asserts that the Trial Judge erred in awarding damages, and alternatively, that the $1,000 general damages and the $750 attorney's fees were clearly excessive and unwarranted. Ms. Guilbault asks that we review and increase the amount of the damages award and grant additional attorney's fees, including compensation for the services provided in prosecuting this appeal.
The writ is an extremely harsh remedy, and when a party makes use of this powerful legal weapon, he must be ready to respond in damages, including attorney's fees, if it is found wrongfully issued. La.C.C.P. art. 3506; General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417 (1929). Only actual damages in a proven amount can be awarded, assessed according to the peculiar circumstances of each case. Ralph's Fleet, Inc. v. American Mariner Corp., 157 So.2d 317 (La.App. 4th Cir.1963). Actual damages are not restricted to pecuniary loss, but may include injury to social standing or reputation, anxiety, humiliation, and other emotional distress. See Johnson, Attachment and Sequestration, 38 Tul.L.Rev. 1, 28 (1963).
Ms. Guilbault testified that she suffered embarrassment because neighbors and friends were aware of the entry made into her home. Further, she became nervous, knowing that her privacy was not secure because her home could be entered and searched at any time without her permission or even prior notice. Ms. Guilbault lives with two young daughters, and she said that the intrusion of strangers into her *337 home caused her to fear for their safety and security. Under the circumstances, we believe that the Trial Judge should have awarded additional damages; hence we increase the amount to $2,500.
We have reviewed the time records submitted by Ms. Guilbault's attorney and find no manifest error in the award of $750 in attorney's fees for services rendered in the Trial Court proceedings. Nonetheless, we deny the request for the attorney's fees incurred in litigating this appeal.
Code of Civil Procedure Article 3506 allows an award of additional attorney's fees to an appellee who is required to incur additional expenses to protect judgments dissolving writs of sequestration or attachment. See Huvel Tractor, Inc. v. Journet, 413 So.2d 978 (La.App. 3rd Cir.) writ denied 420 So.2d 446 (La.1982). However, since statutes allowing awards of attorney's fees are to be strictly construed, we hold Article 3506 permits attorney's fees only for services rendered in an appeal directly "in connection with the dissolution of the writ". The statute cannot be construed to permit awards of attorney's fees incurred in answering Sears' appeal of the amount of damages awarded by the Trial Courtunless the appeal of damages is coupled with an attempt to reimpose the writ. Louisiana Power & Light v. Crescent Properties Co., 273 So.2d 48 (La.App. 4th Cir.1973).
In the instant case, it is illogical to believe that Sears has appealed, seeking now to reimpose the writ and seize the property from Ms. Guilbault. A revival of the writ would be absurd since Sears now knows that Ms. Guilbault does not have the venetian blinds. Rather, Sears' appeal is directed at the amount of damages awarded, and Ms. Guilbault answered the appeal to ask for an increase in damagesnot because of the threat that the writ might be reimposed. Hence, Sears is not liable for Ms. Guilbault's attorney's fees for the appeal.
For these reasons, we amend the judgment of the Trial Court to increase the amount of Ms. Guilbault's damages to $2,500. In all other respects, the judgment is affirmed with all costs being assessed against Sears, Roebuck and Company.
AMENDED AND AFFIRMED.