| .YELVERTON, J.
The trial court dissolved a writ of sequestration obtained by Robert and Jo-sette Hargett and awarded attorney’s fee damages to the defendants. Robert and Josette Hargett appealed complaining on various procedural grounds that the judgments dissolving the writ of sequestration and awarding damages were null and void. We affirm.
I ¡¿FACTS
The lawsuit in which the sequestration was issued as a conservatory writ was filed by Robert and Josette on March 24, 1998, against his brother, Daniel Hargett. The suit centered around the sale of Robert’s 50% of the common stock in CSI Hydrostatic Testers, Inc. to Daniel. Robert and Josette filed suit against Daniel for breach of a fiduciary duty. They claimed they were damaged because Robert sold his shares of stock in CSI to Daniel for the sum of $2,300,000 in cash, plus the forgiveness of a $264,000 debt, and Daniel failed to disclose that CSI was about to be sold to another offshore company for cash and shares in an amount believed to be in excess of $50,000,000.
*668 In their petition Robert and Josette claimed that CSI no longer existed and that they believed Daniel would secrete or destroy certain papers of CSI which were relevant to the lawsuit. They requested an order directing the Sheriff to sequester these papers. The trial court ordered that the corporate minutes of meetings of CSI and corporate resolutions for the years 1995,1996, and 1997 be sequestered.
As part of the initial pleadings accompanying the order of sequestration, Robert and Josette filed an unusual motion for a rule-to-show-cause hearing, which was granted and set for 10:00 a.m. March 30, 1998. The rule-to-show-cause was directed to Daniel, and it ordered him, the defendant, to show why these papers should not remain in the custody of the court until the case was completed. In other words, this ex parte order required Daniel, the defendant, to show cause why the writ of sequestration, which had been issued on March 24, should not continue in existence until the end of the lawsuit.
l.gDaniel then filed a motion to dissolve the writ of sequestration and for damages. CSI similarly filed a motion to dissolve the writ of sequestration. The trial judge set these motions for hearing on March 30, 1998, at the same time Daniel had been ordered to show cause. The motions to dissolve the writ and for damages were served by facsimile transmission.
Alleging insufficiency of service of process of these motions, Robert and Josette filed a declinatory exception. At the hearing on March 30, the trial court denied the exception. After a hearing on whether the sequestration would be maintained, the trial court, finding that the writ of sequestration should not be maintained and that it was wrongfully issued, dissolved the writ.
The trial court signed a judgment awarding attorney’s fees to Daniel in the amount of $2,500 on April 20, 1998. The trial court signed a judgment awarding damages to CSI in the amount of $2,500 on April 23, 1998. Subsequently, another judgment, which sort of consolidated all previous rulings, was signed on May 4, 1998. Robert and Josette appeal the first two judgments asserting their nullity and argue that the third judgment is without effect even if it is not absolutely null.
SERVICE OF PROCESS
Robert and Josette claim that all three judgments are absolutely null because the trial court did not grant their exception of insufficiency of service of process with respect to the motions to dissolve the writ. They claim that service of process was insufficient because both motions were merely faxed to their attorney on the afternoon of Friday, March 27, 1998, along with unsigned show-cause orders.
1¿Pursuant to La.Code Civ.P. art. 3506, a defendant may obtain the dissolution of a writ of sequestration by contradictory motion. If the order applied for by written motion is one to which the mover is not clearly entitled or requires supporting proof, then the motion shall be served on and tried contradictorily with the adverse party. La.Code Civ.P. art. 963. A copy of the contradictory motion and of any order of court assigning the date and hour of the trial, shall be served upon the defendant (non-moving party). La.Code Civ.P. art. 2594. Louisiana Code Civil Procedure article 1312 requires that, subsequent to the original petition, every pleading shall be served on the adverse party as provided by La.Code Civ.P. arts. 1313 or 1314. Robert and Josette argue that because the contradictory motion in this case required an appearance, service had to be made pursuant to Article 1314 which required service of process by the sheriff. “While citation is not essential in a summary proceeding, a judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity.” Barrios v. Barrios, 95-1390 (La.App. 1 Cir. 2/23/96); 694 So.2d 290, 294, writ denied, 96-0743 (La.5/3/96); 672 So.2d 691. Arguing these points of law, Robert and Josette *669 claim that the judgments should be deemed null and void.
There is no dispute that the Sheriff did not serve the motions to dissolve the writ upon Robert and Josette. The parties agree that they were simply faxed to their attorney. The trial court had not even signed them yet. However, under the peculiar circumstances of this case, we find that service of process of the motions to dissolve the writ of sequestration was not required. The issue of dissolution of the | Rwrit would have been before the court whether a motion to dissolve had been filed or not.
We have already pointed out — -and we repeat here for emphasis — that in their prayer for a writ of sequestration, Robert and Josette requested that Daniel be ordered to appear and show cause “why the papers and things listed in Paragraph 17 above should not remain in the care, custody and control of the Lafayette Parish Clerk’s office during the pendency of these proceedings.... ” They prepared and attached an order for the relief that they sought. The order of sequestration was signed by the trial court on March 24, 1998, setting the rule-to-show-cause hearing for March 30,1998, at 10:00 a.m.
The Louisiana Code of Civil Procedure does not require a hearing before property is seized under a writ of sequestration. Article 3501 provides that a writ “shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.” In the present case the justification for the issuance of the writ was presumably already supported by the specific facts alleged and verified in the pleadings on March 24 when the writ was obtained. It is only when the defendant files a contradictory motion to dissolve the writ of sequestration, which puts in contest the grounds for the issuance, that the plaintiff in a sequestration action is enti-tied to an evidentiary hearing in order to meet the statutory burden of proof to justify the writ. Alemeida v. Taylor, 96-2124 (La.App. 1 Cir. 9/19/97); 699 So.2d 1121, writ denied, 97-2587 (La.12/19/97); 706 So.2d 464. At that time the burden Rof proof shifts to the plaintiff to establish facts constituting grounds for issuance of the writ of sequestration. Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La.App. 5 Cir. 4/9/97); 694 So.2d 453, writ denied, 97-1236 (La.9/26/97); 701 So.2d 983. In other words, when a motion to dissolve is filed by the defendant, the parties who obtained the writ are put to then-proof for a second time, this time in court and in a contradictory setting.
In this case Robert and Josette, the plaintiffs, were the parties who originally moved for a contradictory hearing. They were the ones who requested and obtained a rule requiring Daniel to appear at a hearing to determine the validity of the writ of sequestration. The nature of this hearing was such that the trial court had but two alternatives: the court could either maintain the writ of sequestration or not maintain it, in which latter event the court would have been bound to • order it dissolved. It was not necessary for Robert and Josette to get notice of this hearing because they were the very persons who caused the hearing to be set and dictated its subject matter: they wanted Daniel to be ready to show why the writ should not be maintained, and they thus exposed themselves to the sure alternative of dissolution if the writ could not be justified. Justification was their burden in any event. A court may allow damages for the wrongful issuance of a writ of sequestration on a motion to dissolve, and attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits. La.Code Civ.P. art. 3506. Robert and Josette put the validity of their own writ at issue. They cannot now complain at the hearing they them *670 selves provoked that the court considered evidence regarding |7dissolution as well as justification, and they cannot now complain that their due process rights were somehow violated. The trial court properly overruled the exception of insufficiency of service of process.
DAMAGES
Their second assignment of error is that the award of $2,500 to Daniel for attorney’s fees was improper because he did not own the property seized under the writ of sequestration. They cite Evangeline Farmers’ Co-op, Inc. v. Smith, 320 So.2d 233 (La.App. 3 Cir.1975), for this proposition.
The writ of sequestration is an extremely harsh remedy, and when a party makes use of this powerful legal weapon, he must be ready to respond in damages, including attorney fees, if it is found wrongfully issued. Sears, Roebuck and Company v. Guilbault, 452 So.2d 333 (La.App. 4 Cir.1984).
Louisiana Code of Civil Procedure Article 3506 does not require that a party own the property before he is entitled to damages. Sears, Roebuck and Company, 452 So.2d 333. Damages are awarded to “the defendant” for the wrongful issuance of the writ, according to Article 3506. Daniel, as a defendant, was compelled to appear in court to answer a rule to show cause.
It is true that Evangeline Farmers’ Co-op, 320 So.2d 233, held that the defendant, who was not the owner of property at the time of its alleged wrongful seizure, was not entitled to recover damages for the wrongful seizure. However, a reading of the case establishes that the court’s reasoning was that the defendant failed to show some basis for his claim for damages.
|sThe trial court awarded to Daniel $2,500 in attorney’s fees. Article 3506 specifically provides for an award of attorney’s fees for services rendered in connection with the dissolution of the writ. No other damages were awarded. Daniel had no choice except to appear at the hearing because Robert and Josette obtained an order commanding that he appear at the hearing. We find no error in the trial court’s award of attorney’s fees to Daniel.
MAY 4, 1998 JUDGMENT
Three judgments were signed in the district court. The first judgment was signed on April 20, 1998, in favor of Daniel. That judgment denied Robert’s and Josette’s declinatory exception of insufficiency of service of process, dissolved the writ of sequestration, and awarded judgment against Robert and Josette, in solido, for $2,500 in attorney’s fees to Daniel, with legal interest. The second judgment was signed on April 23,1998, in favor of CSI. It dissolved the writ of sequestration and awarded $2,500 in damages to CSI. This judgment did not award interest nor did it cast plaintiffs in solido. On April 28, 1998, the trial court granted orders of appeal from these two judgments. Another judgment was signed on May 4, 1998. It dissolved the writ of sequestration, awarded $2,500 in damages to CSI, denied Robert’s and Josette’s declinatory exception of insufficiency of service of process, and entered judgment in favor of Daniel and against Robert and Josette, in solido, with interest, but it mentions no amount • of damages in favor of Daniel. If this judgment was intended to cure the deficits of the April 23 judgment in favor of CSI, | flit failed, for it still did not award interest in favor of CSI, nor did it cast plaintiffs in solido for the damage award.
Robert and Josette argue that the third judgment made substantive amendments to the previous judgments.in violation of La.Code Civ.P. art.1951. They claim it overruled their exception of service of process, held them solidarily liable for damages sustained by CSI, and condemned them to pay legal interest.
On this appeal Robert and Josette have misread the judgment of May 4 and argue *671 that it made substantive changes. It did not. On the other hand, contrary to the contention of CSI, the May 4 judgment did not make the changes which were apparently intended by CSI when the judgment was presented for the judge’s signature. Therefore, the judgment of May 4 for all practical purposes is the same as the April 20 and 23 judgments. It is ordered vacated. Ahmed v. Bogalusa Kidney Care Center, 560 So.2d 485 (La.App. 1 Cir.), writ denied, 564 So.2d 324 (La.1990).
For the reasons set forth in this opinion, the judgments of the trial court signed on April 20, 1998, and April 23, 1998, are affirmed. The judgment signed on May 4, 1998, is vacated. Costs of this appeal are assessed to Robert and Josette Hargett.
AFFIRMED.