994 So.2d 148 (2008)
SUCCESSION OF Rosalie Bigman LINDER.
No. 08-CA-394.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 2008.
Opinion Denying Rehearing with Reasons November 10, 2008.
Charles B. Johnson, Coleman, Johnson, Artigues & Jurisich, L.L.C., New Orleans, Louisiana and Daniel T. McKearan, Harahan, Louisiana, for Defendant/Appellee, Leo A. Guenther.
Perry R. Staub, Jr., Charlton B. Ogden III, Donald J. Miester, New Orleans, Louisiana, for Defendant/Appellant, Jane Linder Rosenthal.
Panel composed of Judges EDWARD A. DUFRESNE, JR., GREG G. GUIDRY, and MADELINE JASMINE.
*149 MADELINE JASMINE, Judge Pro Tempore.
Appellant, Jane Linder Rosenthal, appeals a Judgment of Possession[1] rendered in her mother's succession. For the reasons that follow, we vacate the judgment and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY:
This matter has a protracted and convoluted procedural history. Rosalie Bigman Linder died testate on November 30, 1994. Her Will named appellee, Leo Guenther, as her executor. The Will purported to disinherit her only child, appellant, Ms. Rosenthal. The Will named several particular legacies and specifically bequeathed decedent's "royalties and/or mineral interests" to Mr. Guenther. A Petition to Probate was filed on December 6, 1994. Ms. Rosenthal successfully opposed the disinheritance and was found to be entitled to a 25% forced portion of the estate[2]. This Court affirmed that ruling on June 30, 1998 in an unpublished opinion. Succession of Linder, 97-1269 (La.App. 5 Cir. 6/30/98), 717 So.2d 1276, writ denied, 98-2651 (La.12/11/98), 730 So.2d 463. On August 25, 1999, Ms. Rosenthal filed a Petition to Annul Probated Testament alleging that the Will was null and void. She also filed a rule to remove Mr. Guenther as executor. The trial court denied the rule to remove Mr. Guenther on February 8, 2000. Following a trial, the trial court upheld the testament. In Succession of Linder, 02-106 (La.App. 5 Cir. 7/30/02), 824 So.2d 523, this Court affirmed the trial court's upholding of the testament.
On December 30, 2004, Mr. Guenther filed a Petition for Final Tableau of Distribution alleging that Ms. Rosenthal was not entitled to any amount as a forced heir because her share of the estate's liabilities exceeded her share of its assets. The petition also alleged that Ms. Rosenthal should not receive any distributions because she failed to make a timely claim for a reduction of an excessive donation. The petition valued decedent's mineral interests at $2,000.00. Ms. Rosenthal filed an opposition to the final tableau on January 10, 2005. On February 16, 2005, Mr. Guenther amended this rule asking the court to consider whether Ms. Rosenthal was prohibited from receiving her forced portion based on her alleged failure to timely file a motion to reduce the excessive donation. The trial court found Ms. Rosenthal's demand was timely. In an unpublished writ disposition, this Court agreed with that ruling. Succession of Linder, 06-177 (La.App. 5 Cir. 3/13/06).
In the meantime, on June 13, 2005, Ms. Rosenthal filed a Request for Reduction and Recalculation of the Mass Estate and Amendment of Tableau of Distribution, demanding her forced portion of the mineral royalties and her share of the fruits produced from the mineral royalty interests held by Mr. Guenther as executor. In the memorandum in support of that motion, Ms. Rosenthal claims the value of the mineral royalty interest is $261,528.00.
After this Court ruled on the prescription issue, Mr. Guenther filed a Motion and Order to Resume the Hearing on the Opposition to Final Tableau of Distribution. This matter was set to be heard on May 23, 2006. Neither Ms. Rosenthal, nor her attorney, was served with this motion and notice of the hearing. Neither Ms. Rosenthal, nor her attorney, appeared at *150 the hearing on May 23, 2006; however, while acknowledging that there was no return of service, the trial court went forward with the hearing. By judgment rendered May 30, 2006, the trial court found the value of the oil and gas leases of the decedent to be $2,949.00. The court went on to find that Ms. Rosenthal's portion of the estate was valued at $10,892.00 subject to her pro-rata share of expenses of the estate. The court found the administrative expenses to be reasonable and not excessive. The court concluded that Ms. Rosenthal's pro rata share of the expenses reduced her forced portion to zero and she was not entitled to receive any distribution of funds from the decedent's estate. Finally, the judgment ordered that the final tableau of distribution filed on December 30, 2004 is homologated and the executor is authorized to distribute the funds of the estate as set forth in the final tableau.
On June 18, 2007, Mr. Guenther filed a Petition for Possession as executor of the estate and particular legatee. The trial court signed a Judgment of Possession that same date placing Mr. Guenther in possession of certain assets of the estate including the mineral interests in a lease dated October 12, 1972 between decedent and Chevron Oil Company. On August 13, 2007, by motion of Mr. Guenther, the trial court amended the judgment of possession to place Mr. Guenther in possession of "all oil, gas, sulfur and other mineral interest held by the Succession of Rosalie Bigman Linder, pertaining to a certain tract of land situated in Pointe Coupe Parish, Louisiana."
On October 19, 2007, Ms. Rosenthal filed a Motion for Devolutive Appeal, which was granted. Mr. Guenther's Motion to Dismiss this appeal as untimely was denied by this Court.

LAW AND DISCUSSION:
On appeal, Ms. Rosenthal argues the trial court erred in granting the Judgment of Possession ex parte. She argues that because Mr. Guenther requested relief, which required supporting proof and to which he was not clearly entitled, and since there was an adversary interest, the Judgment of Possession could not be rendered ex parte. She further argues that the trial judge erred in rendering the Judgment of Possession because it was based on the May 30, 2006 judgment homologating the final tableau of distribution, which is a nullity[3].
Louisiana Code of Civil Procedure article 3381 allows for the trial court to render a Judgment of Possession in a succession under administration as provided for in article 3061 after the homologation of the final tableau of distribution. Article 3061 provides in pertinent part:
The court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for, and that all inheritance taxes due have been paid or deposited into the registry of the court, or that no such taxes are due and that an inheritance tax return, when required, with the required accompanying documents, has been filed with the collector of revenue. The judgment shall recognize the petitioners as the heirs, legatees, surviving spouse in community, or usufructuary, as the case may be, of the deceased, send the heirs or legatees into possession of the property owned by *151 the deceased at the time of his death . . . (Emphasis added)
In rendering the Judgment of Possession, the trial court stated that the final tableau of distribution had been homologated. However, the May 30, 2006 judgment ordering that the final tableau of distribution filed on December 30, 2004 is homologated was rendered following a hearing at which neither Ms. Rosenthal or her attorney had been served nor appeared.
We find the trial court erred in rendering the May 30, 2006 judgment without service on Ms. Rosenthal. Our rules of civil procedure provide that if the order applied for in a written motion is one to which the mover is not clearly entitled or requires supporting proof, then the motion shall be served on and tried contradictorily with the adverse party. LSA-C.C.P. art. 963; Hargett v. Hargett, XXXX-XXXX (La. App. 3 Cir. 3/31/99), 732 So.2d 666. In setting Mr. Guenther's Motion and Order to Resume the Hearing on the Opposition to Final Tableau of Distribution for hearing, the trial court signed an order for a hearing "to determine if excessive administrative expenses have been incurred by this succession, and to resolve any other opposition set forth by Jane Rosenthal to the homologation of the final tableau of distribution submitted by the testamentary executor of this succession." Clearly the matter, which was set for hearing on May 23, 2006, was a contradictory motion that required service on Mrs. Rosenthal, the adverse party, under article 963. The record indicates that service was requested on Ms. Rosenthal through her attorney of record, however, the record does not contain any evidence that Ms. Rosenthal's attorney was actually served, as there is no return by the civil sheriff of that service request.
The record further indicates that the lack of proof of service was known to the trial court before the hearing. The transcript indicates that at the hearing on the opposition, the trial court noted there was no return on service. The court, nevertheless, elected to proceed with the hearing. Plainly, the trial court judgment of May 30, 2006 was rendered without proper service. A judgment rendered against a party who has neither been cited nor appeared is an absolute nullity. Texaco, Inc. v. Finegan, 119 So.2d 646 (La.App. 2 Cir.1960). Thus, we find the judgment rendered on May 30, 2006 denying Ms. Rosenthal's opposition to the final tableau of distribution is an absolute nullity.
Article 3061 allows the trial court to render an ex parte Judgment of Possession if it finds after reviewing the record and examining the Petition for Possession that the petitioners are entitled to the relief prayed for. A review of the record in the case at bar indicates the Petition for Possession was based on an absolutely null judgment that was entered without service on an adverse party, namely Ms. Rosenthal. Thus, the petitioner, Mr. Guenther, was not entitled to the relief prayed for in the ex parte Petition for Possession and service upon Ms. Rosenthal, a forced heir, entitled to a portion of the estate, was necessary. Accordingly, we find the trial court erred in granting the Judgment of Possession, based on an absolutely null judgment and without service on Ms. Rosenthal.
Mr. Guenther argues only the Amended Judgment of Possession rendered August 13, 2007 was appealed and this Court cannot review the Judgment of Possession rendered June 18, 2007. We disagree. While we take no position as to whether the change in the amended judgment was to correct the phraseology or was a substantive change, the record indicates Ms. *152 Rosenthal never received notice of the June 18, 2007 judgment as required by LSA-C.C.P. art. 1913. Consequently, the appeal delays on the June 18, 2007 judgment have not run. Hence, we find Mr. Guenther's argument regarding this Court's ability to review the June 18, 2007 judgment is without merit. Additionally, even if we were to find merit to Mr. Guenther's argument, the result would be the same because both the Judgment of Possession and Amended Judgment of Possession were rendered on the basis of a prior judgment that is an absolute nullity.

CONCLUSION:
For the foregoing reasons, the Judgment of Possession rendered June 18, 2007 and Amended Judgment of Possession dated August 13, 2007 are vacated and set aside. This matter is remanded to the trial court for proceedings consistent with this opinion.
JUDGMENTS VACATED; REMANDED.
APPLICATION FOR REHEARING
Rehearing denied.
GUIDRY, J., votes to deny the rehearing with reasons.
I vote to deny the rehearing application being of the view that the result in this Court's opinion was correct. An absolute null judgment can be attacked in a collateral proceeding. Nethken v. Nethken, 307 So.2d 563 (La.1975); Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La. App. 5 Cir. 4/9/97), 694 So.2d 453, writ denied, 97-1236 (La. 9/26/97), 701 So.2d 983; Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691. Thus, consideration of the argument asserted herein against the judgments under appeal, that they should be set aside because they depended for their validity on an absolute null judgment (the 2006 judgment homologating the tableau of distribution entered without record evidence of service on the opposing party), was within the purview of this Court on appeal.
NOTES
[1] The trial court rendered a Judgment of Possession on June 18, 2007 and an Amended Judgment of Possession on August 13, 2007. We refer to those two judgments collectively as "Judgment of Possession."
[2] At the time of the execution of the Will and at the time of death, all children were forced heirs pursuant to La. C.C. art. 1493.
[3] La. C.C.P. art. 2002 provides that a party my attack a judgment as a nullity if it was rendered against a party who has not been served with process as required by law. This article further provides that such a judgment may be attacked at any time.