EDWARDS, C.J.,
dissents.
|,I dissent from the opinion in this matter because I believe that Mr. Leo Guen-ther breached his fiduciary duty to Mrs. Rosenthal and that his conflict of interest and mismanagement was sufficient to warrant his removal as succession representative. Therefore, I find the trial court erred in relying on the appraisals presented by Mr. Guenther’s expert witness.
I agree with the majority opinion that a legatee may serve as the executor of the estate and that a mere conflict of interest of itself does not warrant removal in the absence of mismanagement. However, I also note that an executor of an estate has a fiduciary duty as succession representative with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law, and must act as a prudent administrator.[1]
The testament giving Mr. Guenther the mineral rights at issue and naming Mr. Guenther, the decedent’s CPA, as executor was filed for probate on December 6, 1994. Mr. Guenther’s second action was to file a *1174 rule to show cause why Mrs. Rosenthal should not suffer disinheritance. That was denied by the trial court because, at the time of the death, Mrs. Rosenthal was a forced heir. After the testament was upheld as to form, Mr. Guenther filed the Petition for Final Tableau of Distribution, alleging that Mrs. Rosenthal was not entitled to collect any amounts as forced heir because the estate’s liabilities exceeded its assets. The petition valued decedent’s mineral interests at $2,000. The liabilities included |g$131,065.89 for bookkeeping, legal, and executor costs.[2] The petition also stated that Mrs. Rosenthal should not receive any distribution because she failed to make a timely claim for reduction of excessive donations.
When Mrs. Rosenthal filed an opposition to that final tableau asserting that the mineral interests had reached the value of $261,528, Mr. Guenther again tried to prohibit Mrs. Rosenthal from receiving her forced portion based on her alleged failure to timely file a motion to reduce the excessive donation. That motion was denied by the trial court, and Mr. Guenther sought review by this Court. Our response was to deny his writ application.
Mr. Guenther increased the value of the mineral interests to $2,949 and filed a Motion and Order to Resume the Hearing on the Opposition to Final Tableau of Distribution. The trial court rendered judgment, accepting the tableau and finding that Mrs. Rosenthal’s portion of the estate was valued at $10,892, subject to her pro-rata share of expenses of the estate. The trial court further authorized Mr. Guen-ther to distribute the funds of the estate as set forth in the final tableau. On a subsequent motion filed by Mr. Guenther, the trial court put Mr. Guenther in possession of “all oil, gas, sulfur and other mineral interest held by the Succession of Rosalie Bigman Linder, pertaining to a certain tract of land situated in Pointe Coupe Parish, Louisiana.”[3]
Because these judgments were rendered by the trial court ex parte, after an acknowledgment by the court that there was no return of service on Mrs. Rosenthal, this Court vacated and set aside these judgments as absolute nullities.[4]
In the matter before us in this appeal, it seems clear that Mr. Guenther is acting in his own self-interest and is in direct conflict to the interests of Mrs. Rosenthal. I believe hundreds of thousands of dollars that Mr. Guenther stands to |scoIlect in this succession creates a serious conflict of interest. I also find that his actions, as the succession representative, constitute mismanagement to the extent that, when combined with the conflict of interest, are sufficient to remove him as the succession representative. Further, for these reasons, I find the trial court erred in its evaluation of the mineral rights.

. La. C.C.P. art. 3191.

. Subsequently, Mr. Guenther agreed to personally pay these costs.

. Succession of Linder, 08-394 (La.App. 5 Cir. 10/14/08), 994 So.2d 148, 150.

. Linder, supra.