JUDE G. GRAVOIS, Judge.
| ¡.In this succession case, appellant Jane Linder Rosenthal, daughter of decedent Rosalie Bigman Linder, appeals the trial court’s' June 23, 2014 judgment homologat-ing the Amended Final Tableau of Distribution filed by the estate’s executor, ap-pellee Leo Guenther. For the following reasons, we amend the judgment as hereinafter set forth, and as amended, we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Mrs.' Rosalie Bigman Linder died testate in November of 1994. Mrs. Rosenthal, who was Mrs. Linder’s only child, and Leo Guenther, the executor of the estate, who was Mrs.-Linder’s accountant and a particular legatee in Mrs. Linder’s last will and testament, have been engaged in protracted litigation over Mrs. Linder’s succession since shortly after Mrs. Linder died. Previously, this matter has come for review before this Court on six different occasions, to-wit:
1. On our first review, this Court affirmed the trial court’s judgment that invalidated the provision in Mrs. Linder’s last will and testa *381 ment that purported to disinherit Mrs. Rosenthal, thus recognizing Mrs. Rosenthal as Mrs. Linder’s forced heir.[1]
_J2. Next, this Court affirmed the trial court’s judgment that found Mrs. Linder had testamentary capacity at the time she confected her last will and testament, thus denying Mrs. Rosenthal’s action to invalidate the entire testament on that basis.[2]
3. In 2006, this Court dismissed Mr. Guenther’s appeal of the trial court’s judgment denying his exception of prescription which argued that Mrs. Rosenthal’s action for reduction was prescribed, on the grounds that such judgment was interlocutory and thus not appealable.[3]
4. Thereafter, Mr. Guenther filed a writ application with this Court seeking supervisory review of the denial of his exception of prescription. This Court denied Mr. Guen-ther’s writ application, finding that Mrs. Rosenthal’s reduction claim had not prescribed.[4]
5. In the next appeal, this Court vacated the judgment of possession rendered by the trial court in 2007, ruling that the judgment was an absolute nullity, as there was no proof of service upon Mrs. Rosenthal.[5]
6. Finally and most recently, in May of 2012, this Court affirmed a trial court judgment homologating the final tableau of distribution, which, among other things, set the valuation of the succession’s oil and gas interests, denied Mrs. Rosenthal’s request that her forced portion apply to the oil and gas interests, and remanded the matter for further proceedings.[6]
Following remand, on July 30, 2013, Mr. Guenther filed an ex parte motion to pay various administrative expenses and bookkeeping fees, which was approved on July 31, 2013. On November 12, 2013, Mr. Guenther filed an ex parte motion to pay the federal and state income taxes for the succession, which was approved that same day. On January 31, 2014, Mr. Guenther filed a Petition to Homologate Amended Final Tableau of Distribution. Mrs. Ro-senthal filed an objection to the petition and the matter was set for a hearing. In the meantime, Mr. Guenther filed his annual account for 2013, as well as a motion to supplement and change the Amended Final Tableau of Distribution and to ho-mologate the Amended Final Tableau of Distribution.
|/Hie matters came for a hearing on April 22, 2014, at which time the parties attempted to resolve the various issues off the record. Because the parties were unable to reach resolution of the issues, the matter was again heard on June 23, 2014. On that date, the trial court took the matter under advisement; the record reflects *382 that a judgment was rendered, signed, and filed into the record that same day.[7] The record is devoid of any notices of the judgment having been mailed to the parties. Mrs. Rosenthal filed a motion for a devolu-tive appeal on September 2, 2014, and an amended motion for appeal on September 4, 2014, seeking a suspensive appeal instead.[8] Mrs. Rosenthal’s amended motion (for a suspensive appeal) was granted on September 8, 2014, and an appeal bond amount was set.[9]
On appeal, Mrs. Rosenthal asserts six assignments of error, to-wit:
I. The district court erred in failing to require Mr. Guenther to file an amended inheritance tax return pri- or to homologating the final tableau;
II. Mrs. Rosenthal should" have been given notice and an opportunity to be heard on Mr. Guenther’s motions to pay administrative, legal, and tax expenses;
III. The district court erred in homolo-gating a tableau that did not accurately reflect debts Mr. Guenther allocated to this succession after this Court’s last remand;
IV. The district court erred in homolo-gating a final tableau that did not reflect the succession’s debt to At-water Consultants and in failing to order reimbursement of this expense;
V. The district court erred in permitting an award of attorneys’ fees to succession counsel at rates more than triple than what was used previously; and
kVI. The district court erred in finding Mrs. Linder[10] competent on the date she executed the last will and testament herein.
In his appellee brief, Mr. Guenther reurges his procedural arguments that the judgment in question is unappealable because it was a consent judgment, and that the appeal is untimely because it was filed after appeal delays had accrued. Mr. Guenther further argues the substantive issue that he satisfied the requirement in the appealed judgment that he file an amended inheritance tax return by mailing said return to the Department of Revenue, where it was received on August 22, 2014.[11]

*383
PROCEDURAL ISSUES REGARDING THE APPEAL

We first turn to the procedural issues regarding the appealability of the June 23, 2014 judgment as raised by Mr. Guenther in his briefs. Initially, we note that Mr. Guenther’s raising of these procedural issues in his briefs does not conform to Uniform Rules — Court of Appeal, Rule 2-12.5, which states that “[t]he brief of the appellee shall contain appropriate and concise responses and arguments to the contentions and arguments of the appellant’s brief as set forth in Rule 2-12.4, ... ”. These procedural issues are properly raised in a motion to dismiss the appeal.[12]
In any event, we find no merit to Mr. Guenther’s assertion that the judgment under appeal was a consent judgment rather than a contested judgment. The parties came to agreement over some of the issues relative to the homologation, but | (¡clearly did not resolve other objections raised by Mrs. Rosenthal, which is evidenced by the language in the judgment noting that: “All other objections raised by [Mrs.] Rosenthal ... are overruled.” (Emphasis added.) Likewise, we find no basis in the record to conclude that Mrs. Rosenthal acquiesced in the June 23, 2014 judgment.
We also find no merit to Mr. Guenther’s assertion that the appeal is untimely. Unless otherwise provided by law, notice of the signing of a final judgment is required in all contested cases. La. C.C.P. art. 1913. This case is clearly contested, as evidenced by the years of litigation between the parties and the language in the judgment as noted above. The record is devoid of evidence that any notices of the judgment were mailed to the parties as per La. C.C.P. art. 1913. The judgment at issue was not signed in open court. There is no evidence in the record that the parties waived notice of the judgment. Accordingly, appellate delays failed to commence, and thus Mrs. Rosenthal’s appeal is timely.

FIRST ASSIGNMENT OF ERROR

Filing of amended inheritance tax return

Mrs. Rosenthal first argues that the district court erred in its judgment in failing to require Mr. Guenther to file an amended inheritance tax return prior to the entry of the judgment homologating the amended final tableau of distribution. She argues that “the filing of such a return was a prerequisite to a final judgment of possession or to approval of a final tableau of distribution directing the disposition of the succession’s assets,” but provides this Court with no legal authority for this assertion. Nor has this Court found any *384 such requirement in statutory[13] or case law. Accordingly, we decline to disturb the trial court’s ruling in this regard.
17Mrs. Rosenthal also claims that Mr. Guenther has not, in fact, filed an amended Louisiana inheritance tax return as required by the June 23, 2014 judg-' ment, and that his failure to do so requires reversal of the judgment.[14] A claim that a party has failed to comply with a trial court judgment, in this context, is beyond this Court’s appellate review. This Court does not review matters not first submitted to the trial court for determination. Uniform Rules — Courts of Appeal, Rule 1-3. It does not appear that Mrs. Rosenthal has first sought the trial court’s assistance in enforcing its own judgment. This Court does not enforce trial court judgments, or take evidence regarding the parties’ alleged subsequent noncompliance with trial court judgments. Thus, Mr. Guenther’s alleged failure to file an amended Louisiana inheritance tax return is not properly before this Court on appeal, but rather is a matter Mrs. Rosenthal must take up with the trial court in appropriate proceedings there.[15]
This assignment of error is without merit.

SECOND AND THIRD ASSIGNMENTS OF ERROR

Payment of various succession fees and debts

Next, Mrs. Rosenthal argues that she should have been given prior notice and an opportunity to be heard on Mr. Guenther’s “emergency” Motion to Pay Administrative Expenses and Reimburse Payment of Bookkeeping Fees from Succession Mineral Royalties Bequeath [sic] to Leo A. Guenther, filed and granted ex parte in July of 2013, and “emergency” Motion to Pay Federal and Louisiana [sic] Income Taxes, filed and granted ex parte in November of 2013.[16] Mrs. 1 «Rosenthal argues that she had a right to be heard on Mr. Guenther’s “emergency” motions to pay legal fees and administrative fees, such as accounting fees and taxes, as well as on the payment of the estate’s income taxes. Mrs. Rosenthal, however, cites no legal authority for this position.
*385 Neither of Mr. Guenther’s motions alleges that it was filed on an emergency basis. The first order in question, signed on July 31, 2013 granting the motion to pay various administrative fees, states, “This Order is subject to the prior order of this Court that Mrs. Rosenthal will not be liable for any of these costs.” This “prior order” appears to be the trial court’s judgment of November 16, 2010, which reflects that Mr. Guenther agreed to pay these expenses from the mineral royalties funds, not from the succession funds that would be used to satisfy Mrs. Rosenthal’s legi-time.[17] Likewise, the November 12, 2013 order of the trial court granting the motion to pay income taxes reiterates that said taxes will be paid with the “oil royalty funds.”
These two orders comply with the trial court’s judgment of November 16, 2010, as affirmed by this Court in Linder V It is thus clear that Mr. Guenther has agreed to pay these expenses himself, and that Mrs. Rosenthal is not liable for them. As such, and given the lack of legal authority for Mrs. Rosenthal’s position, this assignment of error is without merit.
In her third assignment of error, Mrs. Rosenthal argues that the “emergency motions” sought to pay these funds from “succession” funds, rather than out of funds Mr. Guenther would receive from his “alleged” succession royalty interests. She argues that payment of these expenses from succession funds necessitates a | precalculation of the active mass of the succession. Our review of the entire proceeding shows that Mrs. Rosenthal is incorrect in this regard. The record indicates that the royalty payments are being held in “succession accounts” that keep them separate from the other succession funds that will be used to satisfy Mrs. Rosenthal’s forced portion. The trial court’s orders recognize that Mr. Guen-ther’s payments of various administrative fees and taxes will be made from the succession accounts attributable solely to the royalty interests. Mrs. Rosenthal’s legi-time is not impacted in any way by these orders. Accordingly, this assignment of error is without merit.

FOURTH ASSIGNMENT OF ERROR

Atwater Consultants expense

Next, Mrs. Rosenthal argues that the trial court erred in omitting from its judgment the fact that the parties agreed that the expense for Atwater Consultants, who conducted the valuation of the estate’s oil and gas interests that was adopted by the trial court, would be paid and treated as a succession debt. She asks that this Court award reimbursement of that expense to her counsel as agreed to by the parties, or alternatively, to remand the matter for recomputation of the succession’s debts.
A review of the record shows that at the first hearing on the homologation, which was held on April 22, 2014, the parties agreed that Mr. Guenther would amend or supplement the tableau of distribution to include the expenses for Atwater Consultants that were originally paid by Mrs. Rosenthal. On May 15, 2014, Mr. Guen-ther filed a Motion to Supplement and Change Final Tableau of Distribution, which contained, as its first provision, the following paragraph reflective of the parties’ previous agreement:
| ml- Invoice No. 9341 from Atwater Consultants dated June 6, 2005 in the amount of $4,428.00 and Invoice No. 9828 from Atwater Consultants dated July 13, 2010 in the amount of $3,376.67, both for services rendered for the bene *386 fit of Jane Rosenthal, or the total amount of $7,804.67 shall be paid to Jane Rosenthal’s counsel of record, Perry R. Staub, Jr. to reimburse him for payment of the invoices. This amount shall be paid from Succession Account No. 6909-8872.
However, the order attached to the Motion to Supplement was marked “moot” and dated June 23, 2014, the same date as the judgment on appeal. At the hearing on June 23, 2014, counsel for Mr. Guenther agreed that Mr. Guenther would pay those invoices, apparently from his royalty funds.[18] Accordingly, this assignment of error has merit. We hereby amend the final judgment to reflect that Mr. Guenther shall reimburse counsel for Mrs. Rosenthal for the Atwater Consultants expenses, shown on the two invoices as introduced at the June 23, 2014 hearing, from his royalty funds.

FIFTH ASSIGNMENT OF ERROR

Attorneys’ fees

Mrs. Rosenthal complains that the attorneys’ fees awarded to succession counsel in the July 31, 2013 Order are excessive, almost four times the rate charged to the succession previously. However, the order is clear that Mr. Guen-ther is to bear these expenses out of his royalty funds and that Mrs. Rosenthal is not liable therefor. Mrs. Rosenthal also failed to introduce any evidence regarding the reasonableness of these fees, other than argument and speculation. Accordingly, this assignment of error is without merit.

J¿¡SIXTH ASSIGNMENT OF ERROR

Testamentary capacity

Lastly, Mrs. Rosenthal argues that the district court erred in finding Mrs. Linder competent on the date she executed the last will and testament herein. However, Mrs. Linder’s competency was not before the trial court in the proceedings since the last remand by this Court in 2012 (Linder V). Accordingly, there is no current ruling on this issue for this Court to review. Further, in Linder II, this Court affirmed a final trial court judgment which found that Mrs. Linder had testamentary capacity. This issue is not merely “law of the case” as argued by Mrs. Rosenthal; rather, it is clearly res judica-ta. Accordingly, this assignment of error is without merit.

CONCLUSION

Having found no merit to the assignments of error save one, we amend the judgment to reflect that the Atwater Consultants invoices are to be reimbursed to Mrs. Rosenthal’s counsel by Mr. Guenther from his royalty funds, and as amended, the judgment under review is affirmed.

AFFIRMED AS AMENDED

. Succession of Linder, 97-1269 (La.App. 5 Cir. 6/30/98), 717 So.2d 1276 (unpublished decision, "Linder I"). At the time of Mrs. Linder’s death in 1994, forced heirship was the law in Louisiana.

. Succession of Linder, 02-106 (La.App. 5 Cir. 7/30/02), 824 So.2d 523 ("Linder II ’’).

. Succession of Linder, 05-640 (La.App. 5 Cir. 2/14/06), 924 So.2d 293 ("LinderIII’’).

. Succession of Linder, 06-177 (La.App. 5 Cir. 3/29/06) (unpublished writ disposition).

. Succession of Linder, 08-394 (La.App. 10/14/08), 994 So.2d 148, writ denied, OS-2866 (La.2/6/09), 999 So.2d 783 ("Linder IV").

. Succession of Linder, 11-633 (La.App. 5 Cir. 5/22/12), 92 So.3d 1158, writ denied, 12-1893 (La.12/14/12), 104 So.3d 440 ("Linder V").

. The signed judgment was again filed with the Clerk of Court on July 24, 2014.

. As per La. C.C.P. art. 3308, an appeal from a judgment homologating a tableau of distribution shall be suspensive, as provided in La. C.C.P. art. 2123.

. Mr. Guenther opposed the appeal in the trial court by filing a motion to "rescind'' the trial court’s order granting the suspensive appeal. Therein, he argued that the appeal should be dismissed because it was untimely, as well as arguing that the judgment appealed was a consent judgment and was thus unap-pealable under La. C.C. art.2058. Mrs. Ro-senthal opposed the motion, arguing that the trial court lacked jurisdiction to consider the motion, that the judgment was not a consent judgment, and that the appeal was timely because notices of the judgment had never been mailed to the parties as per La. C.C.P. art. 1913. The matter came for a hearing on September 30, 2014, at which time the trial court denied Mr. Guenther's motion. The transcript of this hearing is not included in this designated record.

. Mrs. Rosenthal’s brief argues that “Rosen-thal” should have been found incompetent, but this is clearly a typographical error, as the testator was Mrs. Linder, not Mrs. Rosenthal.

. In sur-reply to Mrs. Rosenthal's reply brief, Mr. Guenther also argues that procedurally, Mrs. Rosenthal's appeal should be dismissed because she was no longer a party of interest in the succession when she filed her appeal. He asserts that when she filed her appeal, she had already been paid in full the amount owed to her as a forced heir and legatee of her mother’s estate. Mr. Guenther further responds to Mrs. Rosenthal’s substantive argument on the requirement of his having to file of an amended Louisiana inheri *383 tance tax return, asserting that this issue is essentially moot, as Louisiana law no longer requires the filing of inheritance tax returns, and in any event, any Louisiana inheritance taxes that might be owed by any legatee of this succession have prescribed. However, according to Uniform Rules — Courts of Appeal, Rule 2-12.6, reply briefs shall be strictly confined to rebuttal of points made by the opposing party, which in this case would be points made by Mrs. Rosenthal in her reply brief. Mr. Guenther, instead, attempts to introduce new argument and evidence not considered by the trial court. Accordingly, we do not consider the arguments or evidence raised by Mr. Guenther in his sur-reply brief.

. Mr. Guenther raised similar issues in his motion to “rescind” that he filed in the trial court, which was heard and denied on September 30, 2014. Without the transcript of that hearing, we are unable to determine whether the trial court denied the motion for lack of jurisdiction as per La. C.C.P. art.2088, as argued by Mrs. Rosenthal in that proceeding, or whether the trial court reached the merits of the arguments made by Mr. Guen-ther.

. At the time of Mrs. Linder’s death, La. R.S. 47:2401, et seq., regarding the levy of inheritance taxes, was in effect. These statutes were repealed by Acts 2008, No. 822, effective on January 1, 2010.

. Mrs. Rosenthal also states, in her reply brief, that she is "appealing” Mr. Guenther’s refusal to file the amended inheritance tax return.

. As noted above, Mr. Guenther argues, in his sur-reply brief, that this issue has essentially been rendered moot, as Louisiana law no longer requires the filing of inheritance tax returns, and any Louisiana inheritance taxes that might have been owed by any legatee of this succession have prescribed. This argument is not properly before this Court, as it fails to conform to Uniform Rules — Courts of Appeal, Rule 2-12.6, by failing to confine the brief to rebuttal of points made by Mrs. Ro-senthal in her reply brief.

.Mrs. Rosenthal claims that the funds received by Mr. Guenther on the termination of the concursus proceeding in Pointe Coupee Parish, which appear to exceed $8 million, necessitated his filing of these motions. After briefing but before oral argument in the instant case, the First Circuit vacated the judgment terminating the concursus proceeding on the grounds that Mr. Guenther had appeared in the concursus proceeding in the wrong capacity. The matter was remanded for further proceedings. B.P. America Production Co. v. Leo A. Guenther and Jane Linder Rosenthal, 14-1164 (La.App. 1 Cir. 6/5/15), 2015 WL 3545618 (not designated for publication). It is not clear at this time what effect, if any, this ruling has on the instant proceedings.

. This judgment was affirmed by this Court in Linder V.

. Mr. Guenther does not address this assignment of error in his appellee brief.